UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRYSTAL LAKES,

    Plaintiff

  vs.

BATH AND BODY WORKS, LLC,

    Defendant

No. 2:16-CV-02989 MCE GGH

ORDER

Two discovery motions were at issue on December 7, 2014 before the undersigned in the above entitled case:[1]

    1.    A Fed.R.Civ.P 37(a)(3)(A) and (c)(1) motion for sanctions involving the failure to make, and then belatedly making, Fed.R.Civ.P. 26 initial disclosures, including in the alternative, a request to extend the discovery period-- the "Rule 26 motion"(ECF No. 20);

    2.    A motion to compel further discovery responses, Fed.R.Civ.P. (a)(3)(B) (ECF No.24).

The parties' appearances through counsel were placed on the record. The following order issues.

---

[1] The parties' motion for a protective order is granted in a separately issued order.

1

*The Rule 26 Motion for Sanctions*

It is undisputed that defendant Bath and Body Works did not timely issue its Rule 26 initial disclosures no matter how the time for disclosure is calculated. In the Pretrial Scheduling Order issued upon removal of this case, ECF No. 4, dated December 22, 2016, the initial disclosures were due 14 days after the ordered Rule 26 discovery conference, which itself was to be performed no later than 60 days after removal, i.e., initial disclosures were due 74 days after removal, or no later than March 6, 2017. Then, considering the parties' joint scheduling statement, ECF. No. 9 (March 3, 2017) as a "stipulation" under Rule 26(a)(1)(C), the disclosures were due by agreement on May 7, 2017.[2] Plaintiff timely filed her disclosures on May 8 (May 7 was a Sunday), but defendant did not. Later, with defendant's initial disclosures *still* in default, plaintiff's counsel negotiated what he thought to be an "unopposed" stipulation to extend the initially ordered discovery timelines, in which the defaulting defendant was to be given until October 30, 2017, to file the then undisclosed initial disclosures. Rather than take hold of this life line, defendant spurned any extension of discovery cutoff, omitting to notice, or not caring, that it was therefore in default by months on sending plaintiff the initial disclosures. Plaintiff noticed a sanctions motion under Rule 37 (a)(3)(A) and (c)(1)(ECF No. 20). Afterwards, defendant made initial disclosures.

The motion was noticed pursuant to the correct local rule, L.R. ED Cal. 251(e), but the notice time was deficient by one day. The court initially took the motion under submission, but because of the one day deficient notice, moved the hearing date to December 7, 2017, and heard argument of counsel.

The initial disclosure requirements of Rule 26 serve several salutary purposes. These disclosures include much of what would ordinarily be disclosed by the opening discovery, boilerplate salvo. The disclosures help the receiving party to focus what other discovery needs to

---

[2] Rule 26(a)(1)(C) permits the parties to stipulate to an initial disclosure date, which would otherwise be required by the default date in the Rule (adopted in the Pretrial Scheduling Order as the date of initial disclosures). In this case, because the Pretrial Scheduling Order adopted the default date in Rule 26, the undersigned will find the disclosure date was the one area of the Pretrial Scheduling Order which could be changed absent a subsequent order of the court.

be done.  Further, the disclosures, unless properly amended, bind the serving party in important respects regarding documents and witnesses thereby reducing the potential of "ambush" possible in the days of pre-Rule 26 initial disclosure requirements.  Finally, one may become much more disposed to early settlement after a review of what the other side may be initially presenting in the way of documents and witnesses.  See, Reed Const. Inc. v. James River Ins. Co., 2012 WL 13024803 (W.D. Wash. 2012); Russo v. Network Solutions, 2008 WL 114908 (N.D. Cal. 2008).  It is therefore important that the parties comply with the initial disclosure requirements.  On the other hand, a failure to comply with these requirements should not be an automatic "gotcha" which fails to account for importance of prejudice from non-disclosure, and the presumptive need to decide cases on their merits.  See R&R Sails Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1247 (9th Cir. 2012); Yety by Molly Ltd v. Deckers Outdoor, 259 F.3d 1101, 1106 (9th Cir. 2001).

Defendant attempts to excuse its default or tardiness by blaming the "innocent' default on a misunderstanding with previous counsel for defendant concerning whether the disclosures had been served.  Whether or not there was an initial misunderstanding, there can be no doubt that upon the discussion and filing of the "unopposed" motion to extend discovery, defendant was on notice that the disclosures were months overdue.

After discussion at hearing the undersigned decided that the most appropriate "sanction" was the alternative request of plaintiff's counsel—extend the non-expert discovery date.  In addition, the parties were placed on notice that the disclosures were binding in important respects.

Accordingly:

1. Non-expert discovery is extended to April 30, 2018.  No other dates in the Pretrial Scheduling Order, ECF No. 4, are extended.[3]

---

[3] Except as provided in fn. 2, and this order, the case is controlled by the Pretrial Scheduling Order issued in this case, ECF No. 4.  The submission of suggested dates in a joint status report are simply suggestions to the court, and until formalized by the court in an order, have no effect on the previously issued Order.  Accordingly, as set forth in the Pretrial Scheduling Order, the parties' expert designations commence 60 days after the close of discovery, ECF 4 at p.3, now April 30, 2018, i.e., expert designations commence no later than June 29, 2018.  Dispositive motions are to be filed no later than 180 days after the close of non-expert discovery.  Id. at 4.

1         2.     The parties are bound by the disclosures set forth in each respective initial disclosure. That is, except as provided below, the documents disclosed and the potential non-expert witnesses listed in the disclosure comprise the universe of potential trial exhibits and non-expert witnesses. However, those documents which are disclosed by the opposing party either through initial disclosures or discovery expand the potential trial exhibits for the receiving party. *Non-client possessed* documents discovered through the work product efforts of a party's counsel *after* the initial disclosures have been made also expand the potential trial exhibits for the party whose efforts uncovered the documents. Documents to be used solely for impeachment are not covered by the limitations set forth. Similarly, potential witnesses disclosed to the opposing party through discovery expand the potential non-expert witness list for that party. Also, *non-client,* non- expert witnesses discovered through the work product efforts of a party's counsel *after* initial disclosures were made also expand the potential trial non-expert witnesses for the party whose efforts uncovered the witnesses.

*Motion to Compel*

This motion was continued to January 18, 2018 with the required joint statement to be filed no later than January 11, 2018.

IT IS SO ORDERED. (ECF No. 20 is resolved by this Order.)

Dated: December 11, 2017

                  /s/ Gregory G. Hollows
            UNITED STATES MAGISTRATE JUDGE