WILLIAM L. DARBY, SBN 133325
LAW OFFICE OF WILLIAM L. DARBY
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 589-4064
Facsimile: (510) 464-8001

Attorneys for Plaintiff,
CRYSTAL LAKES

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CRYSTAL LAKES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BATH & BODY WORKS, LLC, a Delaware limited liability company,<br><br>Defendant. | **CASE NO. 2:16-cv-02989-MCE-GGH**<br><br>[~~PROPOSED~~] **AGREED PROTECTIVE ORDER**<br><br>Action Filed:   October 4, 2016 |

The parties to this Agreed Protective Order ("Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. All materials produced or adduced in the course of discovery, including responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the United States District Court for the Eastern District of California and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories not otherwise

protected: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information, including protected health information ("PHI") concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedule and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation**.

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall also be marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. In the event a party wishes to designate documents and other materials as Confidential Information after such document or information has been produced or

disclosed, the party may do so by following the procedures set forth in subparagraph 3(c) below. A party may also designate documents or other materials produced by non-parties or the non-designating party as Confidential Information by following the procedures set forth in subparagraph 3(c) below.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.

(c) If a party wishes to designate documents and other materials as Confidential Information after they have been produced or disclosed: (i) the designating party must provide written notice of the new designation to all parties (and the person who produced or disclosed the documents or other materials if not a party) within twenty (20) days of production or disclosure of the documents or other materials (a "Notice of Designation"); (ii) upon receipt of the Notice of Designation, the parties shall treat as Confidential Information all copies of the designated documents, other materials or deposition transcripts; and (iii) the new designation applies retroactively as of the date and time of the original production. With respect to deposition transcripts of deposition testimony taken in the action, the parties shall follow the procedures set forth in paragraph 4.

4. **Depositions**.

A party may designate portions of any deposition or hearing transcript (including exhibits) that contain Confidential Information as Confidential Information by either: (a) stating on the record of the deposition or hearing that such deposition or hearing testimony, or portion thereof, or exhibit is CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"; or (b) stating in writing served upon counsel of record up to twenty (20) days after receipt of the deposition or

hearing transcript that such deposition or hearing testimony, or some portion thereof, or exhibit is Confidential Information.

5. **Protection of Confidential Material**.

(a) **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties**. Individual parties (any employees thereof on a need to know basis) and any relevant insurance carriers of a party, but only to the extent counsel determines in good faith that their assistance is reasonably necessary to the conduct/analysis of the litigation in which the information is disclosed;

(3) **The Court and its personnel**;

(4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

(7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain either the originals or electronic versions of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the documents; provided, however, that a failure to comply with paragraph 4 with respect to deposition testimony, even if inadvertent, waives any protection for deposition testimony. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when the material had not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential Information.

7.      **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of California.

8.      **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      **Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)     **Meet and Confer**.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)     **Judicial Intervention**.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of

this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to material or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material

covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. **Inadvertent Disclosure of Privileged Information.** In the event that a document protected by the attorney-client privilege, work product doctrine, or other immunity is inadvertently produced by any party to this proceeding, the party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and the inadvertent disclosure of privileged information shall not be deemed a waiver with respect to that document or other documents involving similar subject matter.

15. **A Non-Party's Protected Material Sought to be Produced in The Action.** The terms of this Order are applicable to information produced by a non-party in the action and designated as Confidential Information. Such information produced by non-parties in connection with the action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

16. **Obligations on Conclusion of Litigation**.

　　(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

　　(b) **Obligations at Conclusion of Litigation**. Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party or destroyed, at the option of the party that received them unless the document has been offered into evidence or filed without restriction as to disclosure. The parties agree that the receiving party shall not be required to locate, isolate and return or destroy e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

　　(c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court

including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

17. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**ENTERED:**

_____

TABET DIVITO & ROTHSTEIN LLC

By:_____
   Daniel L. Stanner, (admitted *pro hac vice*)
   TABET DIVITO & ROTHSTEIN LLC
   209 S. LaSalle Street, 7th Floor
   Chicago, IL 60604
   (312) 762-9450

   William L. Darby, SBN 133325
   LAW OFFICE OF WILLIAM L. DARBY
   1300 Clay Street, Suite 600
   Oakland, CA 94612
   (510) 589-4064

**COUNSEL FOR PLAINTIFF CRYSTAL LAKES**

LAW OFFICES OF JOHN A. BIARD

By:_____
   Shawn Moore
   11070 White Rock Road, Suite 200
   Rancho Cordova, CA 95670
   (916) 638-6610

GOLDERG SEGALLA

By:_____
   David S. Osterman (admitted *pro hac vice*)
   902 Carnegie Boulevard West, Suite 100
   Princeton, NJ 08540
   (609) 986-1310

**COUNSEL FOR DEFENDANT BATH & BODY WORKS, LLC**

IT IS SO ORDERED [1]:

Dated: January 18, 2018

                                /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

---

[1] Paragraph 7 is modified to include: No party shall seek to file sealed documents unless the substantive standards for sealing are satisfied. See Kamakana v. Cty. and City of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006), i.e., "good cause" for sealing in reference to non-dispositive motions; "compelling reasons" in reference to dispositive motions or trial..