UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL LAKES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BATH & BODY WORKS, LLC,<br><br>　　　　　Defendant. | No. 2:16-cv-2989-MCE-GGH<br><br><br>ORDER |

Plaintiff's Motion to Compel Further Discovery Responses, ECF No. 24 came on for hearing before this court on January 18, 2018. Plaintiff was represented by attorneys William Darby and Dan Tanner. Defendant was represented by attorney David Osterman. Plaintiff's motion will be granted in part and denied in part as follows.

*FACTUAL BACKGROUND*

Plaintiff sues for damages arising from an incident in which a candle sold by Defendant "exploded" when she attempted to put it out, splashing and burning her with the melted, molten wax, inflicting what she characterizes as significant injuries and permanent scarring. ECF No. 2 at 9. In an action originally filed in Sacramento Superior Court which was removed to this court on diversity jurisdiction, 28 U.S.C. section 1332, id. at 2, she states claims for general negligence, id. at 9, and products liability, id. at 10, and seeks recovery of general and exemplary damages. Id. at 11. Plaintiff does not specifically allege whether claims are based upon a theory of product

1

design or product manufacture, but she does claim failure to warn of the potential danger in the use of the candle. Id. at 12-13. The specific product at issue is described as "a three-wick Bath & Body Works Aromatherapy – Eucalyptus Spearmint scented candle purchased through Amazon.com. ECF 2 at 18.

*MOTION TO COMPEL PRODUCTION*

Plaintiff's Motion to Compel Further Responses to Requests for Production of Documents seeks information as to *all* candles sold by Defendant, which Defendant has shown are in the millions and comprise several different types of candles – single wick, double wick, triple wick, taper and votive, etc., and several fragrance iterations, in addition to the fragrance of candle specifically leading to plaintiff's injuries. Plaintiff argues that the scope of these requests is rational insofar as consumer complaints as to types of candles other than the one that injured Plaintiff that inflicted similar injuries may have enhanced Defendant's duty to warn consumers of a potential danger in using the candles. The question here then, is whether these Requests are proportional to Plaintiff's need.

Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the basic scope of discovery — i.e., what information parties can rightly demand from one another:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In the "old days," a party objecting to discovery based on oppressiveness/unduly burdensome, or seeking a protective order based on same, had the "heavy burden" to demonstrate oppressiveness et al. See Flanagan v. Benicia Unified School District, 2008 WL 2073952 *4 (E.D. Cal. 2008). However, the present wording of the above quoted Rule has made the former burden requirements in such motions quasi-obsolete. Proportionality, after all, seeks in the main to determine whether requested discovery is "too much." The purpose of the presently codified

proportionality principle is to permit discovery of that which is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. John Roberts, *2015 Year-End Report on the Federal Judiciary* (Dec. 31 2015). Relevancy alone is, therefore, no longer sufficient to obtain discovery in the absence of proportionality. Lauris v. Novartis AG, 2015 WL 7178602 *2 (E.D.Cal. 2015).

Indeed, some courts have viewed the new wording as placing the burden on *the party seeking discovery* to prove that the sought discovery is "proportional." Gilead Scis. Inc. v Merck & Co., 2016 WL 146574 (N.D. Cal. 2016). However, the better reasoned decisions require proportionality input from *both* sides with the court ultimately responsible for the correct balancing. See Caballero v. Bodega Latina, 2017 WL 3174931 (D. Nev. 2017); Lopez v. United States, 2017 WL 1062581 *5 (S.D. Cal. 2017); In re Bard etc., 317 F.R.D. 562, 564-65 (D. Ariz. 2016). The undersigned adopts the reasoning of these latter courts as his own.

The new Rules also put a burden on the court to foster the effectiveness of the proportionality of discovery. As Rule 26(b)(2)(C) states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

In the above regard, the undersigned was looking herein at some type of expert input from Plaintiff that might serve to justify the broad, requested discovery, i.e., what was the predominant theory of how the candle produced the alleged injury, i.e. design was at fault (broader discovery potential), a manufacturing defect (more limited discovery), or some other theory. This information was not imparted. On the other hand, although Defendant does a good job of demonstrating that a great variety of candles and candle design exists, there was little to be gleaned, except as to generalities, as to *why* different designs might make inquiry into the

universe of candles unwise. That is, for example, does a one wick candle in a container possess a lesser potential for dangerous incidents than a three wick candle, or the same potential, and *why*.

On balance, therefore, based on the pleadings, the arguments of counsel before the court, and the fact that Plaintiff has at this point simply, generally pointed to both manufacturing and design defect as a potential cause of the failure of the candle, and Defendant has shown that to respond with regard to all of the various iterations of candle it markets would be a daunting exercise, the court will, at this point limit the scope of production to that involving all triple wick candles regardless of fragrance as the similarities between this formulation of candle would appear to the court to be most relevant to Plaintiff's ultimate burden of proof.[1] Defendant need not, therefore, produce documents regarding other candle configurations at this point.[2] The court further limits production to candles manufactured in or after 2005.[3] And, of course, Defendant need only review its own files (including manufacturers associated in a corporate sense with Defendant). It is under no obligation to query unrelated candle manufacturers for documents in

---

[1] Until Plaintiff reliably clarifies the scope of his claims, i.e., purely design defect, purely manufacturing defect, or a combination of both, it is difficult to determine the proportionality issue on his discovery demands. "Failure to warn" depends to a large degree of the basis for warning, i.e., does the specific design have greater potential for injury, or does expert testimony reflect a general danger for all candles. Using what limited intuition the undersigned possesses at the moment, it seems that a three wick candle could produce greater atomization of the fuel necessary to work the candle. Adding more oxygen to the atomized mix than simple ambient air, occasioned by blowing or some other cause, might initiate a spontaneous combustion episode. Perhaps the experts will debunk this supposition by the undersigned, or greatly modify it, but that remains to be seen.

[2] Defendant protested at hearing that even this limited discovery is too much. Defendant contends that although its product files, or complaint files, are somewhat computerized, it is not possible to perform a Boolean search (key word search) on these files. If this is so-- time to retain an IT expert who can perform this task if a manual search is too burdensome. Also, for the first time, after exclaiming in its part of the Joint Statement that the candle market is comprised of a great many types of candles, and *this* is why the burdensome, non-proportional discovery should be denied, Defendant's counsel at hearing asserted that three wick candles comprise the vast, vast majority of its candles sold, and that the court's proffered limitation is unworkable. This different assertion is too little-too late, unverified, and seemingly doubtful.

[3] Candles manufactured, for example, in 1995, would add little to this case. That is, if plaintiff cannot make out a case with discovery given for years 2005 and later, "ancient" candles are not going to win the day. Moreover, records are more likely to have been computerized in or after this date. To the extent that records were computerized before this time, it limits the "legacy" system problem.

their files.  Finally, if it can be truthfully stated that no documents exist, that is a valid response.

Requests for Production 6, 8, 12, 14,15, 16, 18, 20 will require further response, but limited to three wick candles manufactured in or after 2005.

Specifically, in Requests 6, 12, and 13, Plaintiff seeks disclosure of essentially *all* consumer complaints describing "the cause" of similar types of incidents, -- sudden flaring or explosion of a candle when the consumer attempts to extinguish it - regardless of the configuration of the candle.  To the extent there are other "cause" or "complaint" documents, e.g., in-house analysis, Plaintiff would like those as well.  Plaintiff seeks to contact those persons who complained about Defendant's candles.  Defendant resists with the same proportionality argument as that asserted in connection with the Plaintiff's motion to compel as well as consumer privacy under the California Constitution.

With one exception and as discussed above, defendant's proportionality argument specifically carries the day, in part, with regard to the scope of the responses it must make.  Again it will be required to provide further complainant information etc. only as to 2005 and later years manufactured, triple or three wick candles that it markets (assuming there are further complaints about flaring or explosions of three wick candles which have not already been disclosed.) However, with respect to the notice complainants are to be given below, to the extent Defendant has already produced information regarding complaints regardless of candle type, these complainants may be contacted by Defendant as well.

At oral argument the parties agreed that privacy concerns could be accommodated.  The proper procedure here is for Defendant to contact each relevant complainant, as described here, with an explanation that this lawsuit exists, that it alleges facts similar to those found in the recipient's complaint, and that Plaintiff here has requested contact information and Defendant seeks the consumer's agreement that the information may be provided.  To avoid any future argument about the scope of the inquiry made by Defendant, the court will require that Defendant draft such correspondence, submit it to the Plaintiff for review and agreement as to the scope of

////

////

5

the content, and transmit the correspondence no later than 10 days from the date of this Order.[4] The consumer notice should provide the consumer with a check-off as to whether the information may be transmitted or, on the contrary, must be withheld and should include self-addressed, stamped envelope for the consumer to respond and encourage that it be returned within a day or two from receipt.

*MOTION FOR FUTHER RESPONSES TO INTERROGATORIES*

Interrogatory 4 requests contract, agreement and licensing information for the patent numbers affixed to the subject candle involved in this lawsuit. Plaintiff has already been given design information for Plaintiff's candle, and apparently is in possession of Patent Office documents regarding this specific candle. Moreover, the court has ordered production of design information as to three wick candles in general. Plaintiff supposes that all agreements, contracts and the like with respect to persons involved in the Patent for Plaintiff's candle will reveal further useful information. The undersigned is not persuaded. What an inventor agreed to be paid and other logistical information is hardly the type of information which is likely to have relevant material. Pardon the pun, but all this information is "not worth the candle."

Interrogatory 13 seeks litigation information for all candles sold by Defendant. For the reasons set forth above, further information is required only for three wick candles manufactured in or after 2005.

*CONCLUSION*

In light of the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for discovery is GRANTED in part and DENIED in part as follows:

1. Within 30 days from the filed date of this Order, Defendant shall produce additional documents in response to Requests for Production numbered 6, 8, 12, 13, 14,15, 16, 18, 20 as to all three-wick candles marketed by Defendant, and whose manufacture occurred in 2005 or later.

2. No further response is required with regard to Request for Production number 24.

---

[4] Time is an issue here insofar as non-expert discovery is scheduled to be cut off on April 30, 2018. See ECF No. 35.

6

3. No further response is required for Interrogatory 4. Within 30 days from the filed date of this Order, Defendant shall provide further response to Interrogatory 13 only with regard to information relevant to three wick candles marketed by Defendant, and manufactured in or after 2005.

4. Unless the parties have already stipulated to a consumer complaint notice, Defendant shall draft a notice to consumers who have complained of incidents similar to that described in Plaintiff's complaint, i.e., some type of explosive, flaring, or sudden flame type injury, seeking their acquiescence in disclosing their contact information to Plaintiff, and shall provide that draft notice to Plaintiff within 10 days of the filed date of this Order for purposes of agreement of its sufficiency by the parties.

5. The notice to consumers shall provide the information required by the court in this Order and include a self-addressed, stamped envelope for return of the consumer's response to Defendant.

6. All consumer responses shall be provided to Plaintiff immediately upon receipt by Defendant, whether they accede to the request or refuse to accede.

7. In the case where a consumer refuses to accede to the request for disclosure of contact information, Defendant may redact the consumer's contact information from the signed document provided to Plaintiff.

8. All other aspects of Plaintiff's motion to compel are DENIED without prejudice to further discovery efforts that can be justified based upon specific demonstration of relevance and proportionality.

9. ECF No. 24 is resolved.

**IT IS SO ORDERED.**

Dated: January 23, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE