UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL LAKES, | No. 2:16-cv-2989 MCE GGH |
| Plaintiff, | |
| v. | ORDER CLARIFYING DISCOVERY ORDER |
| BATH AND BODY WORKS LLC, | |
| Defendant. | |

*Introduction and Summary*

In ECF No. 42, Defendant, Bath and Body Works (BBW) has moved for clarification or, in the alternative, reconsideration of the undersigned's Discovery Order, ECF No. 40. The court heard the parties at telephonic hearing on February 22, 2018; appearances are on the record.

For the reasons set forth below, the motion for clarification is granted, and further clarification is set forth below. A required notification to third party complainants for disclosure of information regarding their complaints/communications against BBW for its three-wick candles is also set forth. There is no cause or need to reconsider the Order itself.

*Background*

In the Discovery Order, the undersigned ordered, among other items, production of information provided or created regarding complaints, or other communications, from third party consumers of BBW three-wick candles. The Order also required the parties to work out a

1

notification form for third parties to approve, or not, contact by plaintiff's counsel regarding disclosure of their information. At page 5-6 of the Order, the parties were directed:

> At oral argument the parties agreed that privacy concerns could be accommodated. The proper procedure here is for Defendant to contact each relevant complainant, as described here, with an explanation that this lawsuit exists, that it alleges facts similar to those found in the recipient's complaint, and that Plaintiff here has requested contact information and Defendant seeks the consumer's agreement that the information may be provided. To avoid any future argument about the scope of the inquiry made by Defendant, the court will require that Defendant draft such correspondence, submit it to the Plaintiff for review and agreement as to the scope of the content, and transmit the correspondence no later than 10 days from the date of this Order.4 (footnote omitted) The consumer notice should provide the consumer with a check-off as to whether the information may be transmitted or, on the contrary, must be withheld and should include self-addressed, stamped envelope for the consumer to respond and encourage that it be returned within a day or two from receipt.

BBW asserts that the Order is unclear concerning whether the disclosure notice should require the third party complainants to affirmatively waive their privacy rights before information concerning those third parties in BBW's possession can be disseminated to plaintiff's counsel despite the court's previous findings that such information should be disclosed. See Requests for Production 6, 12, and perhaps others. BBW does not oppose plaintiff's counsel contact with third parties per se, but believes that the notification should include an affirmative waiver of disclosure by the third parties of private, identifying information held by BBW as well as contact permission. The argument continues that if a third party does not affirmatively approve such an information disclosure after being notified, no such disclosure should take place. In other words, plaintiff's contact of third parties may well be "in the blind" because of an after the fact of disclosure "veto" by the third parties. BBW also points to the burdensome nature of having to redact private, identifying information in the absence of such an affirmative waiver by the third parties. On the other hand, plaintiff believes that the court's order was clear—the only approval from third party complainants required was the ability of counsel to make direct contact with them, and a failure to respond to the notification was to be considered an approval of contact. The document disclosure order of the court was separate from the contact notification procedure.

2

*Discussion*

The court need not delve much into the weeds of the most appropriate rule of civil procedure for reconsideration, Fed. R. Civ. P 60's "final order" reconsideration or under a court's inherent authority to reconsider an order it has issued pending final adjudication of the case. See Kaseberg v. Conaco LLC, 2017 WL 1020455 *4 (S.D. Cal. 2017), finding that Rule 60 applies only to case dispositive orders, but recognizing the inherent authority of the court to reconsider interlocutory order under somewhat strict conditions, citing Amaral v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996). See also Frazier v Redding Police Dept., 2012 WL 5868573 (E.D. Cal. 2012, BBW has also requested clarification of the previous discovery order, and if wholesale reconsideration of previous orders is lawful, clarifications must be even more so. The undersigned proceeds to clarify the previous discovery order.

The asserted ambiguity resulted from the court's requirement that BBW disclose third party information, but then perhaps, seemingly requiring the third party's affirmative approval for such disclosure as opposed to mere contact with third parties. The "information" referenced in the quoted paragraph above was "contact information," but the undersigned can understand that BBW may have interpreted it otherwise. The previous order was made in recognition of the Protective Order, ECF No.38, but this recognition was not made express or operative in the discovery order. This Clarification Order can reference the requirements of the Protective Order and allay any further confusion. BBW was not erroneous in asking for clarification.

The court's Order requiring disclosure of third party information regarding three-wick candle incidents for Requests No. 6, 12, and perhaps others, stands,[1] and as discussed at hearing, it shall be made forthwith. However, the court makes clear that such information is to be disclosed pursuant to the provisions of the Protective Order, i.e., confidential information is not to be disseminated outside the confines of the Protective Order absent a subsequent court order. That is, any third party information disclosure which may impact third party privacy interests

---

[1] The court does not know all the documents which might be responsive to each request, i.e, whether a particular request may contain third party information impacting the privacy rights of the third party. Requests 6 and 12 are the most likely to contain such information.

3

shall be marked confidential and treated accordingly under the provisions of the Protective Order. The undersigned makes clear, and therefore orders, that no public filing of third party confidential information be made in this case, unless the information is redacted of personal identifying information such as Social Security number, medical records which disclose the identity of the patient, financial information linked with a specific individual, and the like. If filing of the unredacted information is necessary, the filing party shall seek to file such information under seal.

Of course, if a third party, after contact by plaintiff's counsel, has affirmatively consented to the filing of unredacted information, no filing under seal need be made.[2]

Thus, BBW need not redact identifying information in documents which touch upon third party privacy prior to disclosure to plaintiff's counsel, but need only identify that a document is confidential pursuant to the terms of the Protective Order and shall be treated accordingly.

The court's clarification is in line with that ordered in numerous other cases. Privacy interests are not absolute, but must be balanced with the needs of a case; protective orders along with appropriate redaction on filing are significant factors permitting disclosure of what otherwise would be private information. See Allen v. Woodford, 2007 WL 309485 *5-6 (E.D.Cal. 2007) (HIPPA protected information); Acinelli v. Blackmon, 2014 WL 12700993 (C.D.Cal. 2014). A factor impacting the degree of privacy to be afforded in a litigation depends upon whether the private information had already been disclosed to others. Chevron Corp. v. Donzinger, 2013 WL 5718532 * 4 (N.D.Cal. 2013). See also Puerto v. Superior Court, 158 Cal. App. 4th 1242 (2008). [3] [4]

---

[2] The court need not here detail all procedures for proving that a third party has consented to filing of private, identifiable information, but at the very least, the third party must make this waiver in writing signed by the third party, or must make such a waiver on the record, such as in a deposition.

[3] At telephonic hearing on February 22, 2018, BBW advanced its position that, despite the court ordering the disclosure of third party information pursuant to the Protective Order take place, and BBW's ultimate acquiescence thereof, the third party complainant should ultimately have an after-the-fact veto power over the disclosure of information previously submitted to BBW. This makes no sense. Not only has the information been disclosed already, i.e., the "horse is out of the barn," but giving a third party "veto" or "claw back" power over what may be disclosed in a litigation is seldom, if ever, done. It will not be done here.

[4] Puerto contains an excellent discussion of the privacy "privilege" under California law. While in an action based on diversity jurisdiction the scope of privileges is determined by state law,

*Notification*

Neither Plaintiff, nor BBW, shall contact third parties identified by BBW as subject to contact notification unless approval for plaintiff's contact has been received, either directly or implicitly as set forth below.[5] The undersigned orders the following notification, within ten days from the filing of this Order, by BBW[6] to third parties pertinent to three-wick candle incidents as follows:

    Disclosure and Contact Notice [footnotes herein are not part of the Notice]

    VIA E-MAIL AND U.S. MAIL

    [DATE]

    [ADDRESS LINE]

    Re: Disclosure of Your Personal Information

    Dear [insert name]:

    You are receiving this Notice Letter because you previously made a product-related claim/communication to Bath & Body Works, LLC relating to a three-wick candle, and the court in the below mentioned case has ordered BBW to send this notice.

    A case is presently pending in the federal court, Eastern District of California titled <u>Lakes v. Bath and Body Works</u>, 2:16-cv-2989 MCE GGH. In this case the plaintiff alleges that she was injured while using a Bath & Body Works ("BBW") three-wick candle and is entitled to recover for her injuries. BBW has formally denied these assertions.

---

federal rules regarding discovery procedures (including protective orders and notification of third parties) will apply.

[5] It would be unfair to only allow plaintiff's counsel to contact third parties identified by BBW. If a third party approves contact for plaintiff's counsel, either party may make appropriate contacts.

[6] At telephonic hearing held on February 22, 2018, BBW, seemingly for the first time, objected to the concept of BBW having to notify the complainant whose information was in *its* files that plaintiff would desire to contact them. Aside from the fact that the undersigned has always understood that such further contact with third parties should be made by the party in control of the information given to them, a contact "out of the blue" from an attorney representing an unknown party would be strange indeed.

| | |
|---|---|
| 1 | In the discovery phase, plaintiff seeks information from other who may have been |
| 2 | injured while using the BBW three-wick candle. Plaintiff has sought access to the |
| 3 | information you have provided to BBW, as well as an opportunity to contact you |
| 4 | regarding your experience with the BBW three-wick candle. |
| 5 | A protective order has been issued in the above referenced litigation which |
| 6 | protects private confidential information from being disseminated outside the |
| 7 | litigation to other persons/entities without order of a court. Further, identifying |
| 8 | information such as Social Security number, medical records, financial records |
| 9 | may **not** be filed in the above court action without appropriate redaction of identity |
| 10 | information, court sealing order, or unless you later affirmatively agree that |
| 11 | identifying information may be disclosed. |
| 12 | The above court has determined that BBW must turn over to plaintiff's counsel |
| 13 | information which BBW possesses related to other three-wick candle incidents all |
| 14 | subject to the protective order. The purpose of this notification is to determine if |
| 15 | plaintiff's counsel may contact you directly. Please check where appropriate, |
| 16 | indicating approval or disapproval. If you do not return this notification to BBW |
| 17 | within fourteen days of its being sent, it will be assumed that you do not object to |
| 18 | contact by plaintiff's counsel.[7] If you agree to contact by plaintiff's counsel, BBW |
| 19 | will be permitted contact as well. |
| 20 | \_\_\_\_ I approve of contact by plaintiff's counsel; |
| 21 | \_\_\_\_ I decline to be contacted by plaintiff's counsel. |
| 22 | Signed: |
| 23 | _____ |
| 24 | (Printed Name) |
| 25 | //// |
| 26 | //// |
| 27 | |
| 28 | [7] BBW shall inform plaintiff's counsel of any contact objection as soon as possible after receipt. |

*Conclusion*

As clarified and supplemented, the court's Order regarding document and interrogatory discovery is affirmed; the parties shall comply with the further requirements of this Order set forth herein. Notification to third parties who have communicated with BBW regarding three-wick candle incidents, or whose three-wick candle incidents are otherwise known to BBW, for the purpose of plaintiff's counsel's contacts with those third parties, shall take place as set forth above. Plaintiff's counsel is then permitted to contact the third parties who have given approval for contact, or if no return regarding approval or disapproval has been made by a third party within the designated time period, plaintiff may contact the third party.

ECF No. 42 is resolved.

Dated: February 23, 2018

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE