| | |
|---|---|
| CRYSTAL LAKES, | No. 2:16-CV-02989 MCE GGH |
| Plaintiff, | |
| v. | ORDER REGARDING CLAW-BACK MOTION |
| BATH AND BODY WORKS LLC, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

*INTRODUCTION AND SUMMARY*

Plaintiff believes that an otherwise privileged mediation brief filed in a New Jersey litigation, which her counsel obtained by subpoena to the New Jersey lawyers involved in the litigation, is subject to production as discovery in this litigation because the parties waived any confidentiality privilege associated with the mediation or because it allegedly confirms a fraudulent practice engaged in by defendant even in the present case, i.e., the document should remain in plaintiff's possession because the mediation privilege involved is invalidated by a crime-fraud exception. Defendant has sought to "claw-back" the assertedly privileged material, and plaintiff filed a counter-motion to avert the claw-back. The Motions and the Joint Statement have not yet been filed in the record as much of what was submitted was the subject of a sealing

1

request. ECF No. 65. For these non-dispositive motions, the court finds good cause for sealing the portions requested. However, for logistical purposes, and because this order will *not* be sealed, the court will order the Notices of Motion and the Joint Statement to be sealed in their entirety. This order contains the court's reasoning in generic terms insofar as the New Jersey mediation is concerned; the court's characterizations of counsels' characterization of the mediation brief at issue does not violate anyone's privilege; and the order is sufficiently explanatory for the public to understand the gravamen of the issue without invading privilege.

For the reasons given below, the court GRANTS defendant's motion, and DENIES plaintiff's motion.

*FACTS*

Plaintiff has been taken aback by alleged allegations that she "lied" about the facts underlying her claim, i.e., that she experienced a candle "explosion," or "flaring," or as defendant sometimes refers to it -- a candle "flash-over" [1] -- caused by a defective three wick candle distributed (at least indirectly) by defendant. Discovery in this case has revealed a substantial number of cases regarding candle flash-overs involving defendant's manufactured and/or distributed candles. These flash-overs have been the alleged cause of severe burn injuries in some cases. Plaintiff asserts that defendant has a practice of branding persons who complain of candle incidents as "liars," or words to that effect, perhaps to dissuade these persons from taking or continuing action against defendant. On the other hand, Defendant does not believe it possible that such a candle incident "flash-over" event could have occurred in this case given the limited time that plaintiff declares her candle was burning or in light of other circumstances surrounding the incident. The same is true for some other similar candle incidents.

Plaintiff received information that a New Jersey litigation regarding a flash-over incident involving one of defendant's distributed candles wherein defendant had made a statement in a New Jersey mediation brief allegedly similar to that alleged here. Plaintiff subpoenaed both the plaintiff's and defendant's counsel in that case for their litigation records  One record produced

---

[1] The undersigned will simply use the word "flash-over" to include all flaring or explosive type events.

happened to be defendant's brief submitted in the mediation or settlement proceedings.

Plaintiff believes that the mediation statement-- the candle incident could not have occurred as explained by the plaintiff in that case-- is akin to statements made in this litigation. According to plaintiff, the New Jersey mediation statement confirms, or at least bolsters, the discovery produced in this case indicating that defendant's call center operators are instructed to tell flash-over complainants nothing like that described by the caller has ever happened to one of defendant's candles, and invite the complainant to give more information concerning the incident if she would like. That is, according to plaintiff here, the New Jersey mediation or litigation position is "more of the same" as that being seen in this case. Plaintiff asserts that the statement at issue is pertinent to showing that defendant was, to put it mildly, on notice that the candles were "exploding," but was hiding that fact as best it could. The assertion would be especially useful in support of plaintiff's punitive damages claim. Accordingly, plaintiff argues that the voluntary (or absent minded) disclosure of the mediation brief by both plaintiff's and defendant's lawyers in the New Jersey litigation waives the privilege or, in the alternative, that assertion of the privilege is a cloak for crime-fraud exception as it is asserted in the attorney-client privilege context for which proposition they cite to case law, and further argue that the exception waives any mediation privilege.

Defendant has sought to claw-back the mediation statement as having been acquired in violation of both New Jersey and California privilege law.

*DISCUSSION*

Jurisdiction over this case is based upon diversity of citizenship. Thus, the law of the state of the forum, including its choice/conflict of laws jurisprudence, is the law to be applied to issues of privilege, whether that privilege be at issue during trial or pretrial proceedings. In re Cal. Public Util. Comm., 892 F.2d 778, 781 (9th Cir. 1989); Day & Zimmernman, Inc. v. Challoner, 423 U.S. 3, 4 (1975) (choice of law in diversity actions governed by rule of the forum state).

There is not any dispute that the mediation brief is privileged under the law of both states:

Except as otherwise provided in section 6 of P.L.2004, c. 157 (C.2A: 23C-6) [not applicable here], a mediation communication is privileged as provided in

3

subsection b. of this section and shall not be subject to discovery or admissible in evidence in a proceeding unless waived or precluded as provided by section 5 of P.L.2004, c. 157 (C.2A:23C-5).

N.J.S.A.2A:23C-4  See also N.J.R.E. 519

\*\*\*

(a) No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

(b) No writing, as defined in Section 250, that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

Cal. Evidence Code 1119

Thus, there is no meaningful, substantive conflict in the laws of the two states. In such a situation the law of California, the forum herein, is to be applied. BioD, LLC v. Amnio Tech., LLC, 2014 WL 11515617 \*3 (D. Ariz. 2014); Twin City Fire Ins. v. Ennen, 2000WL 558525 \*2 (E.D. Cal. 2000).

California law continues:

> Anything said, any admission made, or any writing that is inadmissible, protected from disclosure, and confidential under this chapter before a mediation ends, shall remain inadmissible, protected from disclosure, and confidential to the same extent after the mediation ends.

Cal. Evidence Code 1125

California, as does New Jersey, declares the mediation privilege to be a very strong privilege. "[C]onfidentiality is essential to effective mediation." Foxgate Homeowners' Assn. v. Bramalea California, Inc., 26 Cal.4th 1, 14 (2001). Confidentiality "promote[s] 'a candid and informal exchange regarding events in the past," which "is achieved only if the participants know

that what is said in the mediation will not be used to their detriment through later court proceedings and other adjudicatory processes.' [Citations.]" Id. "To carry out the purpose of encouraging mediation by ensuring confidentiality, [the California] statutory scheme ... unqualifiedly bars disclosure of "all communications, writings, and settlement discussions associated with a mediation "*absent an express statutory exception*." Id. at 15 (emphasis added).

The only statutory exception is set forth in Cal. Evidence Code section 1122:

(a) A communication or a writing, as defined in Section 250, that is made or prepared for the purpose of, or in the course of, or pursuant to, a mediation or a mediation consultation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if either of the following conditions is satisfied:
(1) All persons who conduct or otherwise participate in the mediation expressly agree in writing, or orally in accordance with Section 1118, to disclosure of the communication, document, or writing.
(2) The communication, document, or writing was prepared by or on behalf of fewer than all the mediation participants, those participants expressly agree in writing, or orally in accordance with Section 1118, to its disclosure, and the communication, document, or writing does not disclose anything said or done or any admission made in the course of the mediation.
(b) For purposes of subdivision (a), if the neutral person who conducts a mediation expressly agrees to disclosure, that agreement also binds any other person described in subdivision (b) of Section 1115.[2]

Plaintiff asserts that the mere fact that both lawyers involved in the New Jersey mediation produced the mediation brief in response to plaintiff's subpoena indicates that the parties involved waived any mediation privilege. Also asserted as a basis for waiver of the privilege is plaintiff's borrowing of the California crime-fraud exception to the attorney client-privilege. However, California law is clear—absent a *statutory* exception to the *mediation privilege*, documents submitted during the course of mediation are privileged. Foxgate, supra; Simmons v. Ghaderi, 44 Cal. 4th 570, 586 (2008); see also Jurcoane v. Superior Court, 93 Cal. App. 4th 886, 895-896 (2001):

[T]his statement is merely a subset of the larger rule that privileges and their exceptions are statutory creations which cannot be altered by judicial interpretation. "[T]he Legislature has determined that evidentiary privileges shall

---

[2] New Jersey law also contains an *express* waiver requirement. N.J.S.A. 2A:23C-5 (a).

be available only as defined by statute. (…. § 911.) Courts may not add to the statutory privileges except as required by state or federal constitutional law [citations], *nor may courts imply unwritten exceptions to existing statutory privileges.* [Citations.]" (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 373, 20 Cal.Rptr.2d 330, 853 P.2d 496, (italics added.) Our Supreme Court recently reaffirmed this rule: "The privileges set out in the Evidence Code are legislative creations; the courts of this state have no power to expand them *or to recognize implied exceptions.* [Citing *Roberts*.]" (*Wells Fargo Bank v. Superior Court* (2000) 22 Cal.4th 201, 206, 91 Cal.Rptr.2d 716, 990 P.2d 591, (italics added.)

Thus, plaintiff's arguments are to no avail. Even if the lawyers representing participating parties could waive confidentiality (and the statute does not provide for such), there was no *express* agreement from anyone involved in the New Jersey mediation to waive the privilege. Nor do the statutory exceptions for mediation brief statements, communications, etc. found in section 1122 reference any crime-fraud privilege.[3][4][5] No further analysis need be made.

---

[3] The California Legislature was quite aware of a crime-fraud exception when it incorporated such in section 1123 with respect to waiving the mediation privilege for mediation *agreements*:

> A written settlement agreement prepared in the course of, or pursuant to, a mediation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if the agreement is signed by the settling parties and any of the following conditions are satisfied:
> (a) The agreement provides that it is admissible or subject to disclosure, or words to that effect.
> (b) The agreement provides that it is enforceable or binding or words to that effect.
> (c) All parties to the agreement expressly agree in writing, or orally in accordance with Section 1118, to its disclosure.
> (d) The *agreement* is used to show fraud, duress, or illegality that is relevant to an issue in dispute.

Cal. Evidence Code section 1123 (emphasis added)

Thus, the Legislature knew quite well how to engraft such an exception if it so desired with respect to the underlying mediation communications (set forth in section 1122). It did not do so, and because a mediation *agreement* is not one of the mediation documents at issue here, that is the end of the analysis.

[4] New Jersey law does contain a "crime" exception (but not fraud) for the mediation privilege. N.J.S.A. 2A:23C-5 (c). Plaintiff does not suggest that defendant's mediation statement allegedly impugning plaintiff's honesty rises to the level of a crime, and such an assertion would seem outlandish. Thus, there is no conflict between California and New Jersey law pertinent to the facts of this case.

[5] Indeed, plaintiff is fortunate she did not proceed to trial and reference the New Jersey mediation

*CONCLUSION*

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's claw-back motion is GRANTED; Plaintiff's counter-motion is DENIED;
2. Plaintiff's counsel shall return the mediation brief and any other mediation materials it received from the New Jersey mediation to defendant herein, and keep no copies;
3. If none of the mediation materials have been disseminated outside of plaintiff's counsel's possession, he shall so certify in writing to defendant's counsel; if any of the mediation materials have been disseminated to others, plaintiff's counsel shall certify such in writing to defendant's counsel and shall endeavor to reacquire them for transmission to defendant's counsel.

SEALING ORDER

1. This order is *not* to be sealed and shall be filed in the ordinary course in the docket of this case;
2. The parties' Notice of Motion and the entire Joint Statement accompanying it shall be sealed; the notice of sealing entry in the docket shall be linked to the docketing entry of this order.

**IT IS SO ORDERED.**

Dated: May 21, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

brief:
> Any reference to a mediation during any subsequent trial is an irregularity in the proceedings of the trial for the purposes of Section 657 of the Code of Civil Procedure. Any reference to a mediation during any other subsequent noncriminal proceeding is grounds for vacating or modifying the decision in that proceeding, in whole or in part, and granting a new or further hearing on all or part of the issues, if the reference materially affected the substantial rights of the party requesting relief.

Cal Evid. Code 1128
Whether this trial sanction is one applicable in federal court is an issue plaintiff would probably like to avoid having to resolve.