| | |
|---|---|
| CRYSTAL LAKES,<br><br>             Plaintiff,<br><br>    v.<br><br>BATH AND BODY WORLS, LLC,<br><br>             Defendant. | No. 2:16-cv-2989 MCE GGH<br><br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

*Introduction and Summary*

Several orders have issued in this case; there is no need to describe the context of the action with particularity. The undersigned simply repeats, in part, the case context from a previous order.

Plaintiff sues for damages arising from an incident in which a candle sold by Defendant "exploded" when she attempted to put it out, splashing and burning her with the melted, molten wax, inflicting what she characterizes as significant injuries and permanent scarring. ECF No. 2 at 9. In an action originally filed in Sacramento Superior Court which was removed to this court on diversity jurisdiction, 28 U.S.C. section 1332, id. at 2, she states claims for general negligence, id. at 9, and product liability, id. at 10, and seeks recovery of general and exemplary damages.

Id. at 11. Plaintiff does not specifically allege whether her claims are based upon a theory of product design or product manufacture, but she does claim failure to warn of the potential danger in the use of the candle. Id. at 12-13. The specific product at issue is described as "a three-wick Bath & Body Works Aromatherapy – Eucalyptus Spearmint scented candle purchased through Amazon.com. ECF 2 at 18.

Discovery thus far has revealed a significant number of "flashover" candle incidents throughout the years, as well as attempts by defendant to study, investigate, and/or remediate such problems. Plaintiff's injuries, from all appearances in the case thus far, were fairly modest. It may be that the claim herein for punitive damages has overshadowed plaintiff's own personal case.

The present motion involves, in part, plaintiff's request to take 2 depositions of employees of the defendant in addition to the 10 deposition putative limit set forth in the civil discovery rules. For the reasons that follow, that part of plaintiff's motion is denied.

The parties have agreed to take certain consumer depositions prior to September 15, 2018. To the extent not already taken, the "consumer" depositions must be taken by September 15, 2018. These depositions are in addition to the presently disputed corporate personnel depositions, and the parties have stipulated, in essence, that the 10 deposition limit does not apply to such depositions.

*Discussion*

Plaintiff asserts that the deponent (Steven Smith) proffered by defendant for Fed. R. Civ. P. 30(b)(6) depositions (deposition of a person who speaks for the defendant entity in designated areas) was not prepared to discuss all areas of designation because he had not spoken to other presumably knowledgeable employees associated with the deposition topics. Plaintiff does not assert by way of deposition attachment that the deponent was ignorant of the designated topics— just that the deponent would have been better informed if he had spoken to other people in preparation for the deposition.[1] Therefore, plaintiff desires to take deposition of defendant

---

[1] In one attachment, the deponent, Steven Smith, did not know who had collected certain documents for a report. However, not knowing who had performed administrative homework

2

employees -- presumably the "knowledgeable ones" -- in excess of the 10 normally permitted per case. Plaintiff has taken nine depositions thus far.

Rule 30(b)(6) permits a party to depose an entity defendant in designated areas, and the person proffered by the party to be deposed binds the entity, here the corporate defendant, to the answers given. Great American Ins. Co. v. Vegas Const., 251 F.R.D. 534, 538 (D. Nev. 2008). The proffered deponent must have knowledge, *i.e.* he must have prepared him or herself when necessary in order to respond to questions in the designated subject areas for which the deponent was proffered and failure to do so is tantamount to a failure to appear. Id.; Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276, 289 (N.D. Cal. 2015). Rule 37(d) permits imposition of sanctions for such a failure to appear up to and including default or evidence preclusion. Evasive or "I'll get back to you when I know what I was supposed to know if I had only prepared," answers are not to be countenanced. On the other hand, the Rule 30(b)(6) deponents are not expected to be clairvoyant or encyclopedic in their knowledge; questions or sub-questions can be asked by an adverse party on specific or complex matters within larger designated issues for which the deponent could not have reasonably anticipated the need to develop knowledge. Reasonableness of pre-existing knowledge and/or preparation is the touchstone inquiry here. But plaintiff does not seek sanctions; rather her counsel uses the backdrop of the Smith deposition as a means to support the request for additional depositions.

Fed. R. Civ. P. 30(a)(2)(A)(i) sets a limit of 10 depositions in a case that can be taken without leave of court to permit additional depositions. The reasons for granting additional depositions mirror the same proportionality concepts discussed in Rule 26.

> Rule 30(a) (2)(A)(i) provides that no party may take more than ten depositions without leave of court or stipulation of the parties. A party seeking leave of court must make a "particularized showing" why the discovery is necessary. *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 767839, * 1 (N.D.Cal.2011) (citing *Archer Danield Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586 (D.Minn.1999)). Rule 30(a)(2) provides that, when a party seeks leave to take more than ten depositions, the Court must grant leave to the extent consistent with Rule 26(b)(2). Under Rule 26(b)(2) (C), a court must limit discovery if it determines (1) the discovery sought is cumulative or duplicative, or can better be obtained from some other source; (2) the party seeking discovery has had ample

---

was not a substantial part of the corporate deposition.

> opportunity to obtain the information by discovery in the action; and (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii); *Lehman Bros. Holdings, Inc. v. CMG Mortg.*, Inc., 2011 WL 203675, *2 (N.D.Cal.2011).

Couch v. Wan, 2011 WL 4499976 *1 (E.D. Cal. 2011). See also Acosta v. Southwest Fuel Management, Inc., 2017 WL 8941165 *5 (C.D. Cal. 2017).

Therefore, in determining whether to permit additional depositions, the undersigned looks to the complexity of a case, the injury to plaintiff, whether the issues in the case transcend plaintiff's particular injury, the extent of discovery already taken on particular issues, whether the requested discovery is simply more of the same, and whether the party complaining about "too much discovery," has been obstreperous or hiding the ball, the burdens and costs that will result, and so forth. Of course, if a party has been obstreperous during discovery, *i.e.,* deliberately slowing the pace or purposefully hiding the facts, or failing to present knowledgeable person(s) in Rule 30(b)(6) depositions, such a factor might well weigh in favor of additional depositions.

No one doubts the potential relevance (in a broad sense) of the potential testimony of the corporate defendant employees plaintiff desires to depose in addition to the ten permitted. Each had some association with the testing of candles, investigating flashover incidents, and/or monitoring the safety of defendant's candles. But, as defendant points out, the depositions of other corporate defendant employees have been taken on these subjects, including at least one Rule 30(b)(6) deposition.

Here, as set forth above, the only apparent flaw in the Smith deposition is that he did not talk to a person or persons in the corporation relevant to the areas of inquiry designated by plaintiff, and for which Smith was proffered. However, as defendant points out, conversations with subsidiary employees with knowledge is not an absolute prerequisite for Rule 30(b)(6) deposition preparation. By way of analogy, if the undersigned were being "Rule 30(b)(6) deposed" on an area of Clerk's Office's practices with which he had experience or felt familiar, he might not need to discuss the issue with personnel in the Clerk's office prior to deposition. Such a "failure" on the undersigned's part would not *per se* necessitate depositions of Clerk's office personnel. Rather, in seeking more depositions than presumptively permitted by the Rules,

4

the deposing party would need to make a particularized showing that the undersigned's answer was not knowledgeable—for example, the existence of a Clerk's Office memorandum of policy on the designated issue at odds with the undersigned's understanding, and of which the undersigned was apparently ignorant.

Rule 30(b)(6) depositions are a powerful tool in the discovery arsenal because they preclude a corporate defendant from playing hide-the-ball on matters of which the corporate defendant should be definitively cognizant. On the other hand, depositions of subsidiary corporate defendant employees should not be permitted after a Rule 30(b)(6) deposition, at least when the further depositions would be otherwise precluded, simply because the deposing party is speculating about a smoking gun, or hopeful in getting some impeachment of the "binding" corporate answer.

In addition, the issues here are not complex—do defendant's candles have an undue propensity to flashover. The liability issues will be decided primarily based upon the views of the experts on both sides, albeit with reference to the factual discovery taken thus far. Taking additional percipient depositions are unlikely to add much to the truth-of-the-matter equation.

Plaintiff has one deposition left before she reaches the presumptive ten. The undersigned will not order depositions in addition to the presumptive number of 10.

*Conclusion*

1. Plaintiff's motion for leave of court to take two additional depositions after the presumptive ten permitted by Rule have been taken is DENIED; to the extent not already taken, the one remaining corporate personnel deposition must be taken by September 15, 2018;

2. The parties may take consumer depositions as they have agreed regardless of whether these depositions would exceed ten depositions in the entire case; However, these depositions must be taken by September 15, 2018.

3. As previously provided, this order does not affect the commencement and running of other dates in the pretrial scheduling order. See ECF. No. 72.

DATED: August 14, 2018          /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

5