UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL LAKES, | No. 2:16-cv-2989 MCE GGH |
| Plaintiff, | |
| v. | ORDER |
| BATH AND BODY WORKS, LLC, | |
| Defendant. | |

*Introduction and Summary*

The court assessed attorneys' fees sanctions on defendant on account of what the court found to be a misleading, i.e., not substantially justified, discovery position that certain candle "flashover" information could not be produced without undue burden. ECF No. 85. A finding was made that not all of defendant's opposition to further compel discovery was unjustified, and a 50% reduction was made on any attorneys' fees and costs award. Plaintiff was ordered to submit a bill for the fees and costs incurred in ferreting out the true facts about the availability of this important information.

That bill has been submitted. For the reasons set forth below, and deducting 50 %, $20,873.50 in fees are awarded. Defendant has not opposed costs; therefore, $2,377.38 are awarded as well.

1

*Discussion*

The attorneys' fees lodestar paradigm set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 447-448 (1983), requires the assessment of a reasonable hourly rate for a reasonable number of hours expended on a case, or as in this case, a legal task or tasks. Because the sanctions order did not find defendants 100% unjustified in their discovery responses, the court ordered that attorneys' fees/costs sanctions be reduced by 50%.

          1. <u>Basis of Plaintiff's Counsels' Hourly Rate</u>

Only one discovery motion is at issue here, that set forth in the Joint Statement, ECF No. 73. Plaintiff found defendant's initial responses to be deficient—primarily in defendant's strongly held views that only a handful of other candle flameover incidents should be the subject of discovery. As the sanctions order points out, defendant was disingenuous in its persistent burden argument regarding the discovery of other incidents. Plaintiff had to depose at least one of the discovery declarants to set the record straight. It appears that the parties did attempt to work out differences, so that time is added to the sanctions equation. A hearing was held on May 17, 2918, ECF No. 67; plaintiff's counsel flew in from Chicago, IL.

Plaintiff's primary litigation counsel claims an hourly rate of $450.00 for himself and $345 for his associate. Local counsel (Darby) seeks reimbursement at $350.00 per hour. Counsel supports these requests by pointing out the fact that the client is actually charged the listed amounts in this case;[1] hence the rate is quintessentially the "market rate;" he points to general informational studies suggesting that his rate is commonplace, and finally, counsel relies on an opinion in 2009 by the undersigned in another case awarding $350.00 an hour. Counsel references the rate of plaintiff's former counsel in this case, a local attorney, who charged plaintiff at the rate of *$650 per hour*.

---

[1] Defendant argues that the client in this case did not pay any fees for counsel's work. Rather, the company with which plaintiff has some association (Tons per Hour or TPR), either because of her long-term relationship with the company's president, or her work, or both, has paid the fees. However, Mr. Stanner demonstrates that money used to pay the fees was a "draw" by plaintiff from the company, i.e., it was her money paying the fees the same as if she were an employee using wages to pay attorneys' fees. The undersigned will find that plaintiff paid the fees in this case.

2

Defendant objects. Citing a 2015 study of Sacramento attorneys' fees, defendant suggests that the appropriate rate for the primary or partner attorneys are $327 per hour and associate attorneys at $250 per hour, or at best, the $350 per hour that Mr. Darby charges. However, the study is general in the sense of it apparently taking into account the billings of counsel performing any litigation task, for either a plaintiff or a defendant. As plaintiff points out, defense counsel in this case did not advertise their rates.

Here we go again. The "market rate" in attorneys' fees, when it comes to having the other side pay attorneys' fees to the opposing client, is generally an economic fiction which has to be laboriously "found" in each and every case. Nor does the case law suggest a good reason why a person or entity facing attorneys' fees, the non-client, should be more heavily assessed in one case than another, simply because the prevailing attorney charges his clients more than someone else, all other factors being equal. The day will come when the law will recognize in sanctions situations a set hourly fee, perhaps with a locality equalizer, similar to that in Equal Access to Justice Act cases or Prisoner Litigation Reform Act cases. But that day is not yet here; thus, the undersigned starts out on the problematic path of finding an hourly rate for this case.

It is generally true that fees in the locale of the litigation presumptively should be applied. An exception exists for cases were local counsel were not available to take the case. The irony here is that plaintiff did once have local counsel, who as defendant argues early on, became discouraged with the case, *but who was being paid more than Chicago counsel*. Plaintiff then retained counsel from afar (Chicago) who has experience in product liability matters.

If this case simply involved plaintiff's incident and injury, the undersigned would apply the forum's, i.e., Sacramento, California's rates. However, the specter of punitive damages, which generally requires evidence of a pattern of malfeasance or misfeasance, has greatly enhanced the volume of discovery. Indeed, it is obvious to everyone in this case that the issue garnering the most attention is that plaintiff seeks exemplary damages because of an alleged years long pattern of ignoring dangerous candle flashovers. Such an argument requires evidence of the universe of candle flashover mishaps. The point here is that such discovery requires more expertise (and perseverance) to complete and to get the job done correctly and the need for that

3

perseverance was quite evident in this case.  It is unknown whether *experienced* Sacramento litigation counsel, who the court presumes are available for cases such as this one, would charge at the general rate posited by defendant.  It has been the undersigned's experience that the market rate requested by such counsel meets or exceeds that requested by Mr. Stanner.

The court recognizes the arguments of both sides, and accordingly settles on a compromise figure.  Mr Stanner will be reimbursed at the rate of $400 per hour, his associate at $300 per hour, and Mr. Darby at $350 (if he is to be reimbursed at all).

2. Reasonable Hours Expended

(a) Mr. Darby's Participation

Mr. Darby is either an employee of the facial fee payer, TPH, or an independently retained corporate counsel for TPH.  He has general recollections regarding assisting in discovery work, but no specifics—as to time or substance.  Given that this counsel was on the side of the requesting party, and not the side actually producing the discovery (which often requires a good bit of work if done properly), and given that the only fees recoverable involve the discovery dispute, one in which Mr. Stanner was the driving force, the undersigned will assess no awardable fees for whatever work Mr. Darby performed.

(b) Block Billing

Defendant, citing Welch v. Metro. Life Ins., 480 F.3d 942, 948 (9th Cir. 2007), takes issue with plaintiff's counsel' practice of block billing, i.e., setting forth a number of tasks in a case, those tasks being related or unrelated, and giving a sum of hours for the block.  Defendant has a point -- to a point -- on this issue.

Plaintiff realizes such, and has given an estimate of the time spent in the discovery practice related to the "flashover" discovery.  However, post-hoc estimates lack reliability, as counsel could estimate any figure, and the opposing party would be in the dark as to how the estimate was discerned.  Nevertheless, the undersigned does not find that the upper end of block billing reductions (30%) should be found here.  The 50% reduction to be applied has some relevance to the block billing issue, i.e., the court has already determined that one-half of all discovery time is non-compensable.  Nor is the undersigned going to flyspeck each and every

billing to determine whether a block was more related to the discovery at issue, or less. Given an overarching view of the billings, the undersigned will deduct an extra 10% of the Stanner firm's hours to deal with the block billing issue.

(c). Quarter Hour Billing

Given the reductions thus far, the undersigned does not believe it correct to make another omnibus percentage reduction in the amount of hours billed.

(d). Hours Billed for Travelling

Billing attorneys' fees for travelling is a matter of some dispute in the federal courts in California. Some courts view such a requests as seeking only the expenses of travel, see Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 (n.7) (9th Cir. 1980). Other courts allow actual attorneys' fees for travelling if the seeking attorney proves that he actually charges his time for travelling, see Spalding Laboratories, Inc v. Arizona Biological Control, Inc., 2008 WL 2227501*5 (C.D.Cal. 2008) citing Davis v. City and County of San Fransisco, 976 F.2d 1536, 1543 (9th Cir. 1992). Other courts say permitting full travel fees is the customary practice of that district, see Cotton v. City of Eureka, Cal., 889 F. Supp. 2nd 1154, 1177 (N.D. Cal. 2012). See also Hall v. City of Fairfield, 2014 WL 1286001 *13 (E.D. Cal. 2014); but see Sanford v. Thrifty Payless, 2005 WL 2562712 *3 (E.D. Cal. 2005) (no fees for travel).

The equities for travel fees is mixed. On the one hand, identical sanctions motions may well be inflated if travel is allowed in one case, but is not needed in another. There is always some doubt that far-away counsel is needed to be retained for a personal injury matter. On the other hand, out-of-town counsel may be hard pressed to represent their clients diligently if they know they will have to simply eat their fees for travel. In this case, plaintiff was originally represented by local counsel (who seemed not to be up to the task), and only then represented by Chicago counsel who has been more than diligent, and fashioned a colorable case where initially that result was far from clear.

The scale tips in plaintiff's favor in this case, and no deductions will be made for travel.

With respect to other billing judgment attacks by defendant, the undersigned does not find that further deductions are warranted. It did take plaintiff a bit of time to ferret out the real facts

5

about the somewhat surprising number of flashover incidents, and defendants were not forthcoming. As the sanctions motion and court order points out, it was rather like pulling teeth.

Finally, after reading plaintiff's counsel's supplemental declaration and Reply Brief, the undersigned accepts plaintiff's counsel's representation that the attorneys' fees, facially paid by plaintiff's company, Tons per Hour (or the company of her long time partner) were actually paid for by plaintiff herself (or her family). See also, footnote 1.

(e). Summary of Compensable Hours & Award

William Darby—0 hours

Daniel Stanner—89.75 hours claimed—80.75 hours allowed (deduction rounded to the nearest whole number)

Jacob Berger—34.25 hours claimed—31.25 hours allowed (deduction is again rounded)

Daniel Stanner's Recovery—80.75 hours X $400 per hour = $32,300

Jacob Berger's Recovery 31.25 X $300 per hour = $9,375

Total before 50% reduction-- $41, 675.00

Total after 50% reduction-- $20, 837.50

Costs are awarded in the amount of $2,377.38 are additionally awarded.

*Conclusion*

Defendant shall pay $20, 837.50 in fees and $2, 377.38 in costs within 21 days of the filed date of this order.

IT IS SO ORDERED.

Dated: September 24, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE