# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL LAKES, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> BATH & BODY WORKS, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.: 2:16-cv-02989-MCE-AC <br><br> **STIPULATION AND ORDER MODIFYING AGREED PROTECTIVE ORDER [DKT. 38]** |

**IT IS HEREBY AGREED AND ORDERED:**

The parties to this action, Plaintiff Crystal Lakes ("Plaintiff") and Defendant Bath & Body Works, LLC ("Defendant") (together as "the Parties"), entered into a confidentiality agreement, which the Court entered on the record on January 19, 2018 at Docket No. 38 ("the Order").

The Order provides that information and materials designated as confidential may be shared with third parties by consent or upon order of the Court:

(9) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Dkt. 38 at 5, ¶ 5(b)(9).

Currently pending in the U.S. District Court for the Central District of California is a matter brought by Plaintiffs Denise Allen and Kenneth Allen against Defendant, captioned as *Allen v. Bath & Body Works, LLC*, 2:18-cv-8368-AB-RAO ("the *Allen* Matter").

Counsel for the plaintiffs in the *Allen* Matter requested that the Order be modified such that the Parties will not be prohibited from producing documents in the *Allen* Matter that may be covered by the Order.

For efficiency and economy of the parties and the court, pursuant to Section 5(b)(9), the Parties hereby consent to allow the Parties to share certain information that is designated as Confidential Information with the plaintiffs and counsel in the *Allen* Matter. Should plaintiffs and counsel in the *Allen* Matter request production of material covered by the Order from the Parties or their counsel, then the party from whom information is requested shall provide the other party with an advance copy of materials intended to be produced, or a listing of those documents by their Bates numbers, with sufficient time to allow the other party to object or to provide the notice to non-parties outlined in this document.

The modification of the Order is conditioned on the filing of a protective order in the collateral action (the *Allen* Matter), and does not limit the collateral Court's ability to decide whether the litigants in that action should ultimately obtain specific discovery materials that may be requested in the *Allen* Matter.

It is further agreed that the Order is modified to permit counsel in the current matter to communicate with counsel in the *Allen* Matter, before disclosure of materials designated as Confidential Information or otherwise subject to the Order, for the limited purpose of identifying documents that are designated as Confidential Information or that are otherwise subject to the Order.

It is further agreed that the Order is modified to permit counsel in the current matter to communicate with counsel in the *Allen* Matter concerning the contents of materials and documents designated as Confidential Information or otherwise subject to the Order that are ultimately produced in the *Allen* Matter, but only after entry of a protective order in the *Allen* Matter.

Whereas, it is further stipulated and agreed by and between all parties seeking to modify the Order that because certain information was obtained in the current matter through third-party discovery, and that said information was produced by certain non-parties with the expressed or implied expectation of confidentiality under the Order, fair notice must be provided to said non-party prior to any discussion regarding or the production of said information. Accordingly, the

party in the current action that is requested to produce such information or discuss such information in the *Allen* Matter shall first provide that non-party with two weeks' written notice prior to any discussion or exchange of said materials. Such notice shall be simultaneously served on all counsel in the current matter and in the *Allen* Matter. The purpose of this notice is to allow any party or any non-party to object or to seek judicial intervention in an appropriate court prior to the disclosure of any confidential information as contemplated by the Order.

All other aspects of the Order shall remain unchanged and binding on all parties and counsel in the current matter.

**IT IS** on this 5th day of April 2019, agreed that the Order [Dkt. 38] is modified for the limited purpose stated above.

| **Tabet Divito & Rothstein LLC** | **Goldberg Segalla LLP** |
|---|---|
| */s/ Daniel L. Stanner* | */s/ David S. Osterman* |
| By: Daniel L. Stanner (*pro hac vice*)<br>dstanner@tdrlawfirm.com<br>209 S. LaSalle Street<br>7th Floor<br>Chicago, IL 60604<br>Tel: (312) 762-9450<br>Fax: (312) 762-9451 | By: David S. Osterman (*pro hac vice*)<br>dosterman@goldbergsegalla.com<br>301 Carnegie Center Dr.<br>Suite 200<br>Princeton, NJ 08540<br>Tel: (609) 986-1300<br>Fax: (609) 968-1301 |
| **Attorneys for Crystal Lakes** | **Attorneys for Bath & Body Works, LLC** |

| | |
|---|---|
| **Law Offices of Barry Novack** | **Gordon Rees Scully Mansukhani** |
| By: /s/ Barry Novack<br>Barry Novack<br>8383 Wilshire Blvd., Suite 830<br>Beverly Hills, CA 90211<br>Tel: (323) 852-1030<br>Fax: (323) 852-9855 | By: /s/ Casey C. Shaw<br>Ian G. Williamson<br>Casey C. Shaw<br>101 W. Broadway<br>Suite 2000<br>San Diego, CA 92101<br>Tel: (619) 544 7221 |
| **Attorneys for Denise & Kenneth Allen** | **Attorneys for Defendants, GLOBALTECH INDUSTRIES, INC., L BRANDS, INC.; and BATH & BODY WORKS, LLC** |

**IT IS SO ORDERED.**

Dated: April 15, 2019

	MORRISON C. ENGLAND, JR
	UNITED STATES DISTRICT JUDGE