UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL LAKES,<br><br>Plaintiff,<br><br>v.<br><br>BATH & BODY WORKS, LLC,<br><br>Defendant. | No. 2:16-cv-02989 MCE AC<br><br>ORDER |

This matter is before the court on plaintiff's motion for discovery sanctions in the form of an adverse inference jury instruction, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). ECF No. 131. This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). The matter was taken under submission without oral argument, pursuant to Local Rule 230(g). ECF No. 146. Upon review of the record and the parties' briefs, the motion will be DENIED, for the following reasons.

**I.     Relevant Background**

In this removed product liability action, plaintiff sues defendant Bath & Body Works, LLC ("BBW") for damages arising from an incident in which a candle sold by defendant "exploded" when she attempted to put it out, splashing and burning her with melted wax, inflicting what she characterizes as significant injuries and permanent scarring. ECF No. 2 at 9. Plaintiff asserts claims of general negligence and products liability and seeks recovery of general

1

and exemplary damages. Id. at 9-13. The specific product at issue is described as "a three-wick Bath & Body Works Aromatherapy – Eucalyptus Spearmint scented candle purchased through Amazon.com." Id. at 18.

Pursuant to plaintiff's motion to compel, on January 23, 2018 the court ordered that, within 30 days: "Defendant shall produce additional documents in response to Requests for Production numbered 6, 8, 12, 13, 14, 15, 16, 18, 20 as to all three-wick candles marketed by Defendant, and whose manufacture occurred in 2005 or later." ECF No. 40 at 6. As relevant to the instant motion, Request for Production ("RFP") No. 8 requested all documents "evidencing any failure analysis undertaken regarding" BBW candles; RFP No. 12 requested all documents evidencing "any sudden, unexpected flaring" of BBW candles; and RFP No. 13 requested all documents evidencing "the cause of any sudden, unexpected flaring" of BBW candles. ECF No. 131.1 (Ex. 1) at 7-8.

On February 23, 2018, BBW produced what it characterizes as "nearly 100,000 pages of documents, including the history of claims, claims files, and design documents including a complete spreadsheet of consumer complaints relating to three-wick candles." ECF No. 144 at 4.

On June 12 and July 9, 2018, plaintiff's counsel deposed two BBW engineers who testified that in pre-production development testing in the previous 6-9 months, one three-wick "Leaves" scented candle with a new fragrance flashed over. Due to this flashover, engineers at BBW started a "root cause analysis" which was still ongoing, and BBW did not launch, commercialize, mass produce, or sell any Leaves candles with that fragrance. ECF Nos. 131.2 at 10-11; 131.3 at 6-7, 9, 12. Plaintiff then issued an additional set of production requests, seeking in RFP No. 66 documents related to the "root cause" investigation the engineers had described. ECF No. 131.5 (Ex. 5) at 6-7. On July 18, 2018, defendant responded, objecting to RFP No. 66, in part because the "'root cause analysis' . . . is ongoing and there are no written findings or analyses yet. Further, the candle involved in the root cause analysis is a separate, unrelated product to the candle at issue in this lawsuit." Id. On July 27, 2018, plaintiff submitted an initial motion for adverse inference (ECF No. 95), and between July 27-29, 2018, BBW supplemented its response to RFP No. 66 by producing 83 pages of documents related to the root cause

2

investigation (ECF No. 131.6 (Ex. 6)). ECF No. 144.2. Non-expert discovery closed on July 30, 2018. ECF No. 72.

On June 12, 2018, plaintiff's counsel also deposed a BBW quality engineer, who testified that BBW was aware of flashovers involving a three-layer, three-wick "Pina Colada" scented candle; that there was some internal discussion, possibly in 2016, about performing a chemical analysis on that candle; and, although he was not completely certain, he believed a chemical analysis was ultimately performed. ECF No. 131.7 (Ex. 7) 8-9, 13-15. Plaintiff contends this was the first time she learned of any investigation into flashovers by the Pina Colada candle. ECF No. 131 at 6. Plaintiff confronted BBW about this testimony, and in October 2018 (two months after the close of discovery), BBW produced 180 pages of documents relating to the Pina Colada candle, which plaintiff alleges did not include any emails, discussion, or final report with conclusions. ECF Nos. 131 at 7; 144 at 7. BBW states that it produced these documents in good faith, despite believing them to be unrelated to any of plaintiff's prior requests. ECF No. 144 at 7. In response to the instant motion, defendant has submitted an affidavit by Stephen Smith, the Vice President for Technical Services of BBW's parent company, stating that "BBW, through counsel, has produced all responsive, non-privileged documents relating to a root cause analysis of flashovers, candle fires or high flames, including for the 'Pina Colada' candle. There are no additional documents." ECF No. 144.4 at 3.

In September 2018, plaintiff's counsel deposed a former BBW sales associate who worked part-time in a BBW retail store in Pocatello, Idaho. The associate testified that in late 2015 or early 2016, her store manager advised her not to buy any candles from the multi-layer, three-wick line because they were exploding on people; some amount of time later, the store manager told her they had been instructed to remove one fragrance of three-wick candle—a yellow, coconut scented candle—because they were having issues with them catching fire or exploding. ECF No. 131.9 at 4-6. Plaintiff's counsel then followed up with BBW's counsel to request records related to the "recall" of this candle, which she believes to be the Pina Colada candle. ECF No. 131.10 (Ex. 10) at 4. Plaintiff never served a formal discovery demand for these records, and BBW has not provided them to date. ECF Nos. 131 at 8, 144 at 7. The Smith

Affidavit referenced above states that "BBW does not have any documents relating to Plaintiff's contention of a 'silent recall' of any three-wick candles." ECF No. 144.4 at 3.

Earlier in the litigation, plaintiff moved for sanctions based on defendant's resistance to providing data regarding all of its candles. Ultimately, a nearly 600-page spreadsheet of 1,280 candle flashover incidents was given to plaintiff's counsel. ECF No. 85 at 12. Still, on July 11, 2018, the court granted in part the motion for sanctions because defendant's positions in the discovery dispute were not "substantially justified." ECF Nos. 85, 111.

## II. Motion

Plaintiff moves for evidentiary sanctions in the form of an adverse inference jury instruction, pursuant to Rule 37(b)(2)(A). Plaintiff argues that BBW has violated the January 23, 2018 discovery order by: (1) failing to produce all documents related to the Leaves candle root cause investigation, as that investigation constituted a "failure analysis" and contained materials evidencing "sudden, unexpected flaring," which should have been produced in response to RFP Nos. 8, 12 and 13; (2) failing to produce all documents related to the Pina Colada candle root cause investigation, which likewise constituted a "failure analysis"; and (3) failing to produce documents related to the 2015 or 2016 "silent recall" of the suspected Pina Colada three-wick candle, which would have contained materials evidencing "sudden, unexpected flaring." ECF No. 131.

Defendant argues that this motion amounts to an untimely raised discovery dispute; that BBW produced all non-privileged, responsive documents that it possesses concerning the categories at issue; that documents related to the Leaves root cause investigation were not covered by the January 23, 2018 order because the Leaves candle is a prototype candle that was never marketed or sold; and in any event, the documents at issue are not relevant to plaintiff's case, which BBW contends rests on a manufacturing defect theory of liability. ECF No. 144.

## III. Analysis/Summary of the Evidence

A. <u>Legal Standard for Rule 37(b)(2)(A) Sanctions</u>

Federal Rule of Civil Procedure 37 provides that "where a party fails to obey an order to provide or permit discovery," a court may "prohibit[ ] the disobedient party from supporting or

4

opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii); Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (federal courts have authority under Rule 37(b)(2)(A) to sanction a party who fails to obey a discovery order). "Where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction, including the discretion to . . . give an adverse inference instruction." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 106 (2d Cir. 2002).

The sanction of an adverse inference instruction is typically employed in cases involving spoliation of evidence, rather than cases involving the non-production of evidence. Id. at 106. However, the Second Circuit uses the same three-part test in both situations:

> [W]here, as here, an adverse inference instruction is sought on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had "a culpable state of mind"; and (3) that the missing evidence is "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

Id. at 7. "The Ninth Circuit has approved the use of adverse inferences as sanctions for spoliation of evidence, but has not set forth a precise standard for determining when such sanctions are appropriate."[1] Compass Bank v. Morris Cerullo World Evangelism, 104 F. Supp. 3d 1040, 1054 (S.D. Cal. 2015). Many trial courts within our circuit have adopted the Second Circuit's test. Id.

---

[1] In the spoliation context, the Ninth Circuit has explained that:

> [t]he adverse inference sanction is based on two rationales, one evidentiary and one not. The evidentiary rationale is nothing more than the common sense observation that a party who has notice that a document is relevant to litigation and who proceeds to destroy the document is more likely to have been threatened by the document than is a party in the same position who does not destroy the document. The other rationale for the inference has to do with its prophylactic and punitive effects. Allowing the trier of fact to draw the inference presumably deters parties from destroying relevant evidence before it can be introduced at trial.

Akiona v. United States, 938 F.2d 158, 161 (9th Cir. 1991) (internal citation and alterations omitted).

at 1054 & n.2 (citing eight district court cases). In addition to these three elements, "there is the 'obvious' requirement that 'the evidence must have existed.'" Ottoson v. SMBC Leasing & Fin., Inc., 268 F. Supp. 3d 570, 580 (S.D.N.Y. 2017). Courts in both the Ninth and Second Circuits have thus declined to impose sanctions where allegations of discovery misconduct are too speculative. See, e.g., U.S. E.E.O.C. v. Wedco, Inc., No. 3:12-CV-00523-RCJ, 2014 WL 4635678, at *4 (D. Nev. Sept. 15, 2014) (party seeking spoliation sanctions is not entitled to have the court agree with broad inferences of spoliation based on nothing more than speculation); Dilworth v. Goldberg, 3 F. Supp. 3d 198, 202 (S.D.N.Y. 2014) (denying sanctions where plaintiffs failed to show that desired evidence ever existed and motion for spoliation sanctions rested on pure speculation).

B. Documents Related to "Leaves" Candle Root Cause Investigation

The court will not order an adverse inference instruction with respect to documents related to the Leaves candle root cause investigation because these documents do not fall within the scope of the January 23, 2018 order. That order pertained only to "three-wick candles *marketed by* Defendant" (ECF No. 40 at 6 (emphasis added)). According to the deposition testimony provided, BBW never "launched" or "commercialized" the Leaves candle that flashed over while in development. Thus, even assuming that defendant withheld documents related to this non-commercialized candle prototype, such withholding would not have violated the January 23, 2018 discovery order.

C. Documents Related to "Pina Colada" Candle

The court will not order an adverse inference instruction with respect to documents related to the possible chemical analysis or the alleged recall of the Pina Colada candle because there is an insufficient basis to conclude that such documents actually exist. See Wedco, Inc., 2014 WL 4635678, at *2 (party alleging discovery misconduct has the "burden to prove by a preponderance of the evidence" that the misconduct occurred). Plaintiff's only evidence that a "failure analysis" was conducted on the Pina Colada candle is an engineer's tentative recollection that there were discussions about conducting a chemical analysis of the candle. The court finds this deposition testimony too ambiguous to satisfy plaintiff's burden in seeking sanctions. See Dilworth, 3 F.

Supp. 3d at 202 (denying spoliation sanctions where only evidence supporting existence of desired documents was "ambiguous statements" during deposition and "speculative expert opinion" that such documents would customarily exist); Wedco, Inc., 2014 WL 4635678, at *4 ("Even the low-threshold preponderance of the evidence standard still requires sufficient objective evidence to allow the fact-finder to conclude that the existence of a fact is more probable than its nonexistence.").

Similarly, regarding the alleged "silent recall," plaintiff offers only the deposition testimony of a part-time sales clerk in Idaho who remembered her manager telling her that she had been told to remove from the store a particular fragrance of three-wick candle. From this vague hearsay testimony, plaintiff asks the court to conclude that there was a nationwide recall of Pina Colada candles about which BBW is withholding evidence. Once again, the court finds this evidence too speculative to support the harsh sanction of an adverse inference. Farella v. City of New York, No. 05 CIV. 5711 (NRB), 2007 WL 193867, at *3 (S.D.N.Y. Jan. 25, 2007) (denying spoliation sanctions where movant's proffered deposition testimony did not show that the allegedly missing documents ever existed). While defendant may have taken unjustifiable discovery positions previously in this case, that does not lessen plaintiff's burden to proffer sufficient objective evidence for this court to assess whether the documents at issue, in fact, exist.

### IV. Conclusion

For the foregoing reasons, the court hereby ORDERS that plaintiff's motion for sanctions in the form of an adverse inference instruction is DENIED.

IT IS SO ORDERED.

DATED: May 14, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE