UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL LAKES,<br><br>Plaintiff,<br><br>v.<br><br>BATH & BODY WORKS, LLC,<br><br>Defendant. | No. 2:16-cv-02989 MCE AC<br><br><br>ORDER |

This case is before the court on plaintiff's motion to re-open discovery for limited purposes. ECF No. 178. This discovery-related matter was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1) and by the District Judge at ECF No. 183. The motion was taken under submission without oral argument, pursuant to Local Rule 230(g). ECF No. 184. Upon review of the record and the parties' briefs, the motion is DENIED, for the following reasons.

**I.      Relevant Background**

In this removed product liability action, plaintiff sues defendant Bath & Body Works, LLC ("BBW") for damages arising from an incident in which a candle sold by defendant "exploded" when she attempted to put it out, splashing and burning her with melted wax, inflicting what she characterizes as significant injuries and permanent scarring. ECF No. 2 at 9. Plaintiff asserts claims of general negligence and products liability and seeks recovery of general and exemplary damages. Id. at 9-13. The specific product at issue is described as "a three-wick

Bath & Body Works Aromatherapy – Eucalyptus Spearmint scented candle purchased through Amazon.com." Id. at 18.  This case has been before the undersigned previously for discovery disputes, and some of the background that follows is reprised from the court's previous orders.

In ruling on a motion to compel brought by plaintiff, the undersigned ordered on January 23, 2018 that, within 30 days:  "Defendant shall produce additional documents in response to Requests for Production numbered 6, 8, 12, 13, 14, 15, 16, 18, 20 as to all three-wick candles marketed by Defendant, and whose manufacture occurred in 2005 or later."  ECF No. 40 at 6.  As relevant to the instant matter, Request for Production ("RFP") No. 8 sought all documents "evidencing any failure analysis undertaken regarding" BBW candles; RFP No. 12 requested all documents evidencing "any sudden, unexpected flaring" of BBW candles; and RFP No. 13 requested all documents evidencing "the cause of any sudden, unexpected flaring" of BBW candles.  ECF No. 131-1 (Ex. 1) at 7-8.

On February 23, 2018, BBW produced what it characterizes as "nearly 100,000 pages of documents, including the history of claims, claims files, and design documents including a complete spreadsheet of consumer complaints relating to three-wick candles."  ECF No. 144 at 4.  On June 12 and July 9, 2018, plaintiff's counsel deposed two BBW engineers who testified that in pre-production development testing in the previous 6-9 months, one three-wick "Leaves" scented candle with a new fragrance flashed over.  Due to this flashover, engineers at BBW started a "root cause analysis" which was still ongoing, and BBW did not launch, commercialize, mass produce, or sell any Leaves candles with that fragrance.  ECF Nos. 131-2 at 10-11; 131-3 at 6-7, 9, 12.  Plaintiff then issued an additional set of production requests, seeking in RFP No. 66 documents related to the "root cause" investigation the engineers had described.  ECF No. 131-5 (Ex. 5) at 6-7.  On July 18, 2018, defendant responded, objecting to RFP No. 66, in part because the "'root cause analysis' . . . is ongoing and there are no written findings or analyses yet.  Further, the candle involved in the root cause analysis is a separate, unrelated product to the candle at issue in this lawsuit."  Id.  On July 27, 2018, plaintiff submitted an initial motion for adverse inference (ECF No. 95), and between July 27-29, 2018, BBW supplemented its response to RFP No. 66 by producing 83 pages of documents related to the root cause investigation (ECF No. 131-6 (Ex. 6)).

ECF No. 144-2.  Non-expert discovery closed on July 30, 2018.  ECF No. 72.

On June 12, 2018, plaintiff's counsel also deposed a BBW quality engineer, who testified that BBW was aware of flashovers involving a three-layer, three-wick "Pina Colada" scented candle; that there was some internal discussion, possibly in 2016, about performing a chemical analysis on that candle; and, although he was not completely certain, he believed a chemical analysis was ultimately performed.  ECF No. 131-7 (Ex. 7) 8-9, 13-15.  Plaintiff contended this was the first time she learned of any investigation into flashovers by the Pina Colada candle.  ECF No. 131 at 6.  Plaintiff confronted BBW about this testimony, and in October 2018 (two months after the close of discovery), BBW produced 180 pages of documents relating to the Pina Colada candle, which plaintiff alleges did not include any emails, discussion, or final report with conclusions.  ECF Nos. 131 at 7; 144 at 7.  BBW stated that it produced these documents in good faith, despite believing them to be unrelated to any of plaintiff's prior requests.  ECF No. 144 at 7.  An affidavit by Stephen Smith, the Vice President for Technical Services of BBW's parent company, stated that "BBW, through counsel, has produced all responsive, non-privileged documents relating to a root cause analysis of flashovers, candle fires or high flames, including for the 'Pina Colada' candle.  There are no additional documents."  ECF No. 144-4 at 3.

In September 2018, plaintiff's counsel deposed a former BBW sales associate who worked part-time in a BBW retail store in Pocatello, Idaho.  The associate testified that in late 2015 or early 2016, her store manager advised her not to buy any candles from the multi-layer, three-wick line because they were exploding on people; some amount of time later, the store manager told her they had been instructed to remove one fragrance of three-wick candle—a yellow, coconut scented candle—because they were having issues with them catching fire or exploding.  ECF No. 131-9 at 4-6.  Plaintiff's counsel then followed up with BBW's counsel to request records related to the "recall" of this candle, which she believes to be the Pina Colada candle.  ECF No. 131-10 (Ex. 10) at 4.  Plaintiff never served a formal discovery demand for these records, and BBW has not provided any.  ECF Nos. 131 at 8, 144 at 7.  The Smith Affidavit referenced above states that "BBW does not have any documents relating to Plaintiff's contention of a 'silent recall' of any three-wick candles."  ECF No. 144-4 at 3.

Earlier in the litigation, plaintiff moved for sanctions based on defendant's resistance to providing data regarding all of its candles. Ultimately, a nearly 600-page spreadsheet of 1,280 candle flashover incidents was given to plaintiff's counsel. ECF No. 85 at 12. Still, on July 11, 2018, the court granted in part the motion for sanctions because defendant's positions in the discovery dispute were not "substantially justified." ECF Nos. 85, 111.

On February 27, 2019, plaintiff moved for evidentiary sanctions in the form of an adverse inference jury instruction, pursuant to Rule 37(b)(2)(A). ECF No. 131. Plaintiff argued that BBW had violated an earlier order, in part, by failing to produce all documents related to a Pina Colada candle root cause investigation, which likewise constituted a "failure analysis," and by failing to produce documents related to the 2015 or 2016 "silent recall" of the Pina Colada three-wick candle, which would have contained materials evidencing "sudden, unexpected flaring." Id. In relevant part, defendant argued that the motion amounted to an untimely raised discovery dispute, and that BBW produced all non-privileged, responsive documents that it possesses concerning the categories at issue. ECF No. 144. The motion was denied on May 15, 2019. ECF No. 147.

On April 28, 2020, plaintiff asked the court to issue an order to show cause to BBW as to why it should not be held in contempt for making repeated misrepresentations to the court. ECF No. 163 at 2. Plaintiff stated she "believes" that recent deposition testimony by the manager of the Pocatello, Idaho store (referenced above), which was taken in another case, will show that BBW sent an e-mail directive to its store managers throughout the country to remove the Pina Colada candle from the shelves, effecting a "silent recall." ECF No. 163 at 4-5. Plaintiff requested a copy of the manager's deposition testimony, and BBW refused to provide it. Id. at 5. Plaintiff sought an order from this court requiring BBW to produce the manager's deposition transcript immediately. Id. Plaintiff argued that she "believes" that the transcript will show that defendant falsely represented in this case that no such "silent recall" emails exist. Id.

In the order denying plaintiff's motion, issued July 28, 2020 (ECF No. 174), the court noted that it had previously refused to order sanctions with respect to the non-production of documents related to the alleged "silent recall," because plaintiff had failed to establish that any

4

1  such documents, or any such recall, existed.  The deposition testimony of a part-time salesclerk in
2  Idaho, who rather vaguely remembered her manager telling her that she had been told to remove
3  from the store a particular fragrance of three-wick candle, was insufficient.  While acknowledging
4  plaintiff's concerns, and stating that "[the court] does not suggest that her suspicions are
5  unreasonable," the undersigned held that "an Order to Show Cause re Contempt does not issue on
6  the basis of reasonable suspicion" and that plaintiff failed to establish a prima facie case of
7  contempt.  ECF No. 174 at 6-7. In the July 28, 2020 order, the court found plaintiff presented "no
8  new information regarding the alleged 'silent recall,' and no actual evidence with any probative
9  value regarding the existence of such a recall.  Instead, the motion *seeks* the information that
10 plaintiff hopes will reveal the existence of a prima facie case." Id.

11 Plaintiff now moves to re-open discovery based upon the same facts and argument that
12 she presented in her motion for sanctions. ECF No. 178 at 2, n.2 ("The silent recall and BBW's
13 refusal to produce this deposition transcript are the subject of Plaintiff's pending Request for
14 Reconsideration By The District Court Of The Magistrate Judge's July 29, 2020 Order.").
15 Discovery in this matter has been closed for over two years. ECF No. 66 (closing discovery July
16 30, 2018).  The dispositive motions deadline passed nearly a year ago. Id.  Defendant opposes the
17 motion to re-open discovery. ECF No. 193.

## II.     Legal Standard

19 When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the
20 court's exercise of discretion is guided by consideration of six factors: (1) whether trial is
21 imminent; (2) whether the request is opposed; (3) whether the non-moving party would be
22 prejudiced; (4) whether the moving party was diligent in obtaining discovery within the
23 guidelines established by the court; (5) the foreseeability of the need for additional discovery in
24 light of the time allowed for discovery by the district court, and (6) the likelihood that the
25 discovery will lead to relevant evidence. City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060,
26 1066 (9th Cir. 2017) (citations omitted).  The district court has "wide latitude" in controlling
27 discovery. United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir.
28 1995), vacated on other grounds, 520 U.S. 939 (1997).

### III.     Analysis

Here, the only factor favoring plaintiff's motion is the first: the final pre-trail conference in this case is not set until the end of February 2022, more than one year from the present date. ECF No. 177.  This, however, is a function of the overburdened trial schedule of the Eastern District of California, not plaintiff's diligence in making this motion.  Disfavoring the motion is the fact of defendant's strong opposition to re-opening discovery more than two years after it closed.  ECF No. 193.  Further, the prejudice to defendant is undeniable: opening non-expert discovery after more than two years have elapsed since its closure will undoubtedly increase costs and labor, potentially requiring additional expert discovery and inviting further discovery related litigation.  See ECF No. 193 at 18-19.  The moving party was not diligent in making this motion, having opted first to seek sanctions on the same basis without a request to reopen, and waiting until that motion was denied before bringing the motion at bar.  See ECF Nos. 163, 174. Foreseeability of the need for additional discovery considering the time allowed for discovery weighs against re-opening: the discovery deadline was twice extended before it lapsed, and there is no indication that the court initially gave too limited time to conduct adequate discovery.  See ECF Nos. 25, 66

Finally, there is no reason to believe that re-opening discovery will lead to relevant evidence.  Defendant has submitted sworn testimony stating there are no documents related to a "silent recall" of the three wick candles.  ECF No. 163-2.  Plaintiff misconstrues the undersigned's previous statement that she did "not suggest that [plaintiff's] suspicions are unreasonable" as a statement that the court affirmatively found a "reasonable suspicion of discovery misconduct"—and argues that this shows good cause to re-open discovery.  ECF No. 196 at 2, referencing ECF No. 174 at 6.  A decision not to comment on the merits of plaintiff's suspicion is not, and was not intended to be, a validation of that suspicion.  To be clear, plaintiff has not presented the court with any evidence that would suggest re-opening the long-closed discovery phase of this case would be fruitful.

////

////

1    **IV.    Conclusion**

2    For the foregoing reasons, the court hereby ORDERS that plaintiff's motion to re-open

3    discovery in this case (ECF No. 178) is DENIED.

4    DATED: December 29, 2020

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE