UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL LAKES, | No. 2:16-cv-02989-MCE-AC |
| Plaintiff, | |
| v. | **ORDER** |
| BATH & BODY WORKS, LLC, | |
| Defendant. | |

In bringing the present Request for Reconsideration (ECF No. 175), Plaintiff Crystal Lakes ("Plaintiff") asks this Court to reverse the Magistrate Judge's July 29, 2020, Order denying Plaintiff's Motion for an Order to Show Cause re Contempt and for Sanctions. ECF No. 163. Plaintiff's Motion is premised on an argument that Defendant Bath & Body Works, LLC ("Defendant") should be held in contempt for falsely representing that no documents evidencing a "silent recall" of three-wick candle existed. To support its argument, Plaintiff asks the Court to require Defendant to produce the deposition testimony obtained from a Bath & Body Works manager in another case which it believes will show that Defendant ordered a completely different candle to be removed from the market over flaring concerns. In the Order denying Plaintiff's Motion, the Magistrate Judge noted that she had already refused to order sanctions in the form of an adverse inference jury instruction based in part upon the same argument, which

1

she found to be insufficient.  According to the Magistrate Judge, Plaintiff's renewed motion, this time cast as a request for contempt, also failed.  She observed that contempt proceedings require evidence establishing a prima facie case of contempt (ECF 174 at 6-7), and that no such evidence had been presented.  Moreover, the Magistrate Judge reasoned, Plaintiff's effort to use contempt proceedings to compel production of evidence (in the form of the deposition transcript) that would, in turn, establish her prima facie case, was improper.  Plaintiff moved for reconsideration before this Court.

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed."  Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently.  Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

After reviewing the entire file, this Court cannot say that the Magistrate Judge's decisions outlined above were clearly erroneous.  The Magistrate Judge did not abuse her discretion in determining that Plaintiff should not be permitted to use contempt proceedings as a discovery springboard to establish a prima facie case that was not otherwise present.  To the extent that Plaintiff asks this Court to substitute the Magistrate Judge's judgment in that regard with its own (indeed, Plaintiff goes so far as to state that

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Similarly, under 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

2

it was within the Magistrate Judge's "discretion" to order the requested discovery[2]), that request is improper.  Moreover, since the candle at issue in this litigation and the candle that was the subject of the requested deposition transcript appear to be completely different products, Plaintiff's argument that Defendant somehow "admitted" all key facts to support a contempt finding in any event also cannot pass muster.   Plaintiff's Request for Reconsideration (ECF No. 175) is accordingly DENIED.

IT IS SO ORDERED.

Dated:  July 8, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] See Plaintiff's Request, ECF No. 175, 2:6-8.

3