UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL LAKES,<br><br>  Plaintiff,<br><br>  v.<br><br>BATH & BODY WORKS, LLC.,<br><br>  Defendant. | No. 2:16-cv-02989-MCE-AC<br><br>**ORDER** |

In bringing the present Request for Reconsideration (ECF No. 199), Plaintiff Crystal Lakes ("Plaintiff") asks this Court to reverse the Magistrate Judge's December 29, 2020, Order (ECF No. 198) denying Plaintiff's Motion for Leave to Conduct Limited Discovery. ECF No. 178. Plaintiff's Motion urges the Court to reopen discovery, which has now been closed for over three years, on grounds that Defendant Bath & Body Works, LLC, ("Defendant") has not been forthcoming in representing that no documents evidencing the "silent recall" of three-wick candles existed. On July 9, 2021, (ECF No. 202) the Court already rejected the same arguments in declining Plaintiff's earlier reconsideration request (ECF No. 175) as to the Magistrate Judge's denial of Plaintiff's Motion for an Order to Show Cause re Contempt and for Sanctions. ECF No. 163. The present motion essentially seeks additional discovery on the same

///

1

1  grounds, but under the different procedural guise of actually reopening discovery instead
2  of ordering discovery as an adjunct to ordering contempt and/or imposing sanctions.
3      In reviewing a magistrate judge's determination, the assigned judge shall apply
4  the "clearly erroneous or contrary to law" standard of review set forth in Local
5  Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and
6  28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court must accept the Magistrate
7  Judge's decision unless it has a "definite and firm conviction that a mistake has been
8  committed."  Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for
9  So. Cal., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the
10 Magistrate Judge were at least plausible, after considering the record in its entirety, the
11 Court will not reverse even if convinced that it would have weighed the evidence
12 differently.  Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141
13 (9th Cir. 1997).
14     After reviewing the entire file, this Court cannot say that the Magistrate Judge's
15 decisions outlined above were clearly erroneous.  The Magistrate Judge correctly notes
16 that no evidence has been presented to suggest that "re-opening the long-closed
17 discovery phase of this case would be fruitful."  ECF No. 198, 6:24-26.  In the absence of
18 any such evidence justifying additional discovery, mere conjecture as to what discovery
19 might show is insufficient to demonstrate the good cause needed to reopen discovery at
20 this juncture.  In addition, the issue has already been addressed and rejected in prior
21 ///
22 ///
23 ///
24 ///
25 ///

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Similarly, under 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

motion proceedings in any event.  Plaintiff's Request for Reconsideration (ECF No. 199) is accordingly DENIED.[2]

    IT IS SO ORDERED.

Dated:  August 17, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] To the extent Plaintiff's Motion for Reconsideration also objects to the Magistrate Judge's December 29, 2020, Order (ECF No. 198), those objections are OVERRULED.