UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRYSTAL LAKES,

        Plaintiff,

    v.

BATH & BODY WORKS, LLC,

        Defendants.

No.  2:16-cv-02989-DJC-AC

ORDER

On March 22, 2024, the Court conducted a hearing on the Parties' expert Motions in Limine.  (ECF No. 241.)  The Court took under submission Defendant's Motion in Limine to Exclude the Report and Testimony of Dr. David Xu (ECF No. 226), granted in part and ordered submitted in part Defendant's Motion in Limine to Exclude the Report and Testimony of John Golder (ECF No. 227), and issued rulings on the remaining Motions (ECF Nos. 228, 229).

Concerning the remaining rulings as to Dr. Xu and Mr. Golder, the Court will deny Defendant's Motion in Limine concerning Mr. Golder's anticipated testimony with respect to opinions four and five in his expert report with some limitations, as set forth below.  The Court will further deny Defendant's Motion in Limine concerning Dr. Xu insofar as Mr. Golder is allowed to discuss Dr. Xu's test results as a basis for his

1 opinions under Federal Rule of Evidence 703.  All other testimony concerning Dr. Xu

2 will be excluded.

3 **LEGAL STANDARD**

4 "A witness who is qualified as an expert by knowledge, skill, experience,

5 training, or education may testify in the form of an opinion or otherwise if . . . the

6 expert's scientific, technical, or other specialized knowledge will help the trier of fact

7 to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  Expert

8 testimony must be "based on sufficient facts or data" and be "the product of reliable

9 principles and methods."  *Id.*  Further, experts must have applied the principles and

10 methods reliably to the facts of the case.  *Id.*  District Courts must engage in objective

11 screening to ensure that expert testimony meets the requirements of Rule 702, that is,

12 that the experts are qualified and their testimony "is not only relevant, but reliable."

13 *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v.*

14 *Carmichael*, 526 U.S. 137, 141–42 (1999).   Expert testimony is inadmissible if it

15 concerns factual issues within the knowledge and experience of ordinary lay people

16 because the jury will be capable of understanding the evidence and deciding the

17 issues through common knowledge and common sense.

18 Experts are permitted to base their opinions on facts or data in the case that

19 they have been made aware of or personally observed.  Fed. R. Evid. 703.  This

20 includes inadmissible hearsay so long as the hearsay facts or data are of the type

21 reasonably relied on by experts in the field.  *See Daubert*, 509 U.S. at 595; *see also*

22 Fed. R. Evid. 703.  However, such hearsay data may be admitted "to explain the basis

23 of the expert's opinion[,]" but not "to establish the truth of what they assert."  *Paddack*

24 *v. Dave Christensen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984).  Further, Rule 703 "is

25 not a license for an expert witness to simply parrot the opinions of non-testifying

26 experts."  *Villagomes v. Lab. Corp. of Am.*, No. 2:08-cv-00387-RLH-GWF, 2010 WL

27 4628085, at *4 (D. Nev. Nov. 8, 2010).  Finally, the probative value of the underlying

28 data must substantially outweigh its prejudicial effect.  Fed. R. Evid. 703.

2

**ANALYSIS**

Mr. Golder intends to testify that the "evidence shows the flashovers are caused by the failure to obtain a proper homogenous mix of wax and fragrant oil" (opinion four) and "it is especially dangerous to have a non-homogenous mix of base wax and fragrant oil because 3-wick candles have a greater Heat Release Rate" (opinion five). (ECF No. 227-8 at 14–17.)  The Court finds both opinions are within Mr. Golder's realm of expertise and supported by sufficient data as required by Rule 702.

First, the Court holds Mr. Golder is a qualified expert.  In order for expert testimony to be admissible under Rule 702, the expert in question must be qualified in the specific subject areas that form the basis of their opinions.  *See Ojmar US, LLC v. Sec. People, Inc.*, No. 16-cv-04948-HSG, 2018 WL 3008872, at *2 (N.D. Cal. June 15, 2018); Fed. R. Evid. 702.  Mr. Golder is a well-qualified expert concerning fire investigations and forensics, with over 30 years of experience in the field and a master's degree in forensic science.  Accordingly, Mr. Golder is qualified to opine on the cause of the flashover in this matter, including that a non-homogenous mix of fragrant oil and wax in a candle can lead to flashovers such as the one experienced by Plaintiff.

In addition, the Court finds that Mr. Golder's opinions meet the reliability test set forth by the Supreme Court in *Daubert*, keeping in mind this is a "flexible" inquiry that "should be applied with a 'liberal thrust' favoring admission" of expert testimony. *Hardeman v. Monsanto Co.*, 997 F.3d 941, 960 (9th Cir. 2021) (quoting *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014)).  Here, the Court finds that Mr. Golder's opinions are based on (1) his extensive experience investigating fires, (2) his own testing of three Bath & Body Works ("BBW") candles, and (3) deposition testimony and other experts' scientific tests in the case,[1] which he is

---

[1] In particular, Mr. Golder relies on the report of Dr. Xu, who conducted Micro FTIR testing to establish the composition of the candle.  "[N]umerous courts have held that reliance on scientific test results prepared by others may constitute the type of evidence that is reasonably relied upon by experts for purposes of Rule of Evidence 703."  *Romero v. S. Schwab Co.*, No. 15-CV-815-GPC-MDD, 2017 WL

1  permitted to rely on under Rule 703.  This is minimally sufficient to surpass the

2  reliability inquiry, as Mr. Golder has demonstrated a reasonably sound basis for

3  forming his opinions.  While significant questions may remain concerning the

4  correctness of Mr. Golder's opinions, those questions are the province of the jury, not

5  the Court.  *See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th

6  Cir. 2014) ("After an expert establishes admissibility to the judge's satisfaction,

7  challenges that go to the weight of the evidence are within the province of a fact

8  finder, not a trial court judge."); *Solis v. Bridgestone Corp.*, No. CV-10-484-TUC-DCB,

9  2013 WL 12098802, at *3 (D. Ariz. Apr. 2, 2013) ("Questions related to the bases and

10  sources of an expert's opinion . . . should be left for the consideration of the finder of

11  fact a[s] these questions affect the weight to be assigned to an expert's opinion rather

12  than its admissibility.").

13       Mr. Golder is not qualified, however, to opine on candle manufacturing and

14  design, including the proper procedure for mixing candles, or that the candle at issue

15  here was improperly mixed.[2]  (*See* Golder Dep. (ECF No. 234-1) at 24:6–29:8

16  (testifying he is not an expert in engineering, consumer product design, or product

17  manufacturing).)  For example, Mr. Golder offers the following opinion within opinion

18  four:

---

19  5885543, at *5 (S.D. Cal. Nov. 29, 2017) (quoting *Monsanto Co. v. David*, 516 F.3d 1009, 1015 (Fed. Cir.
20  2008)).  While Dr. Xu is not a testifying witness in this matter, the Court finds that Mr. Golder's reliance on his testing is proper as Dr. Xu is a qualified engineer with extensive lab experience who ran tests on
21  BBW candles using Micro FTIR technology, a technology which has been accepted by other courts in the Ninth Circuit.  *See, e.g., id.* at *11–12 (denying a motion to bar Dr. Xu from testifying to opinions
22  regarding materials identification formed in part from FTIR testing).  As such, Mr. Golder may testify concerning Dr. Xu's testing to the extent necessary to illustrate and explain his own opinions.  Under
23  Rule 703, the Court finds that the probative value in helping the jury understand Mr. Golder's testimony substantially outweighs their prejudicial effect.  However, the Court notes that Dr. Xu's report did not
24  feature prominently in Mr. Golder's report, and anticipates that will be true for Mr. Golder's testimony at trial.  Any effort to effectively parrot Dr. Xu's report would be improper, as Plaintiff's counsel
25  acknowledged at the hearing on the Motions in Limine.

26  [2] While Mr. Golder is qualified to testify that the flashover was caused by a non-homogenous mix of the wax and fragrant oil, which implies improper mixing, he is not qualified to testify as to the origins or
27  cause of the allegedly improper mixing.  That is to say, he may testify that the flashover must have occurred due to the candle's improper mixture, but he is not permitted to testify that the candle was in
28  fact improperly mixed because of BBW's practices.

1
2
3
4
5
6
7
8
9

> At no time was a quantitative analysis performed on the completed candles to assure that there was a homogenous mix throughout the candle.  To confirm that it had a homogenous mix, BBW only performed subjective visual inspection.  The critical need for a homogenous mix has been testified to by all employees who were deposed from BBW, Mast, LBrands and Alene.  There should be a constant percentage of fragrance oil throughout the candle, and most importantly, there should be no pockets of fragrant oil.  Should you have a non-homogenous mix, a larger percentage of fragrant oil, and/or a pocket of fragrant oil, a flashover could occur during ordinary operating conditions, even when following all directions on the candle's warning label.

10  This opinion goes beyond the scope of Mr. Golder's expertise as he comments on the

11  proper design for a candle: that there should be a constant percentage of fragrance

12  oil mixed homogenously throughout.  Such testimony will be excluded.

13          Finally, Mr. Golder is reminded that, while he may rely on the testimony of

14  Thomas Donnelly, Stephen Smith, John English, and Andy Fernandez while testifying

15  to his opinions, he may not simply parrot their testimony on the stand as the jury is

16  capable of reviewing and weighing that testimony themselves.  For example, Mr.

17  Golder states within opinion 4:

18
19
20
21
22
23
24
25

> Stephen Smith testified that a candle mixture is like a cake batter in which if everything isn't mixed correctly, you could get spots of flour and sugar.  The same thing can occur to cause an imbalance in the candle system, in which you can have too much fragrant oil in the candle mix.  There is a certain percentage of fragrance oil that a candle should have.  That percentage will affect the length of burn time.  The manufacturer should always be making sure that it measures out the correct method of distribution of materials.  When you have an imbalance in the candle system you can have a melt pool temperature that goes above the flashpoint of the system, and you could get a flashover.

26  This opinion is improper both because it summarizes testimony the jury could hear

27  and consider themselves, but also because it falls outside of the scope of Mr. Golder's

28  expertise when discussing proper candle manufacturing and design.

5

In short, Mr. Golder may testify to his opinions four and five at trial and may rely on the testing of Dr. Xu to do so.  However, Mr. Golder should take care to offer opinions only within the scope of his expertise and avoid parroting the testimony of other witnesses.

**CONCLUSION**

In conclusion, the Court hereby:

1. DENIES Defendant's Motion in Limine to Exclude the Report and Testimony of John Golder (ECF No. 227) with respect to his opinions four and five, subject to the limitations discussed above; and

2. DENIES Defendant's Motion in Limine to Exclude the Report and Testimony of Dr. David Xu (ECF No. 226) insofar as Mr. Golder may rely on and discuss Dr. Xu's report as a basis for his own opinions. The Court GRANTS Defendant's Motion in Limine to exclude all other references to or testimony concerning Dr. Xu's report and deposition testimony.

IT IS SO ORDERED.

Dated:   **March 26, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE